**Alexander WILLIAMS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15624.**

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1970.

Charles V. Foor, McAlester, Court-appointed counsel, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

BUSSEY, Judge:

Alexander Williams was charged by Information in the District Court of Pitts-

burg County with the crime of Murder. He was tried and found guilty by a jury and from the judgment and sentence fixing his punishment at life imprisonment, a post conviction appeal has been granted in this Court.

The uncontroverted evidence adduced on the trial was that on the morning of August 10, 1958, Alexander Williams, hereinafter referred to as defendant, and Reverand Herman Porter, hereinafter referred to as deceased, argued over the sum of $5.78 allegedly owed by the deceased to defendant. The deceased refused to pay the defendant and thereafter the deceased took his wife to work; then returned for her and drove her home from work arriving about 2:30 p. m. Mrs. Porter went into the house while he remained in the yard near the car with a hose and cloth in his hands. Mrs. Porter testified that she heard a conversation in the front of the house, went to the door where she observed her husband washing the car and the defendant pointing a shotgun at him. She further testified that she asked the deceased to come into the house but that he declined to do so, stating that he did not think the defendant would shoot him. Thereafter, the defendant fired the shotgun over the car, striking the deceased in the face and head and he staggered backwards toward the street and fell to the ground. Mrs. Porter testified that at the time the fatal shot was fired, the deceased was washing his car with a cloth in one hand and the hose in the other, and he was unarmed. She notified the police who arrived at the scene of the homicide shortly thereafter.

Photographs were made at the scene of the homicide by the investigating officers who searched the station wagon belonging to the deceased, but found no weapons in it. They recovered the death weapon in the defendant's house next door and placed the defendant under arrest.

The defendant testified that prior to the day of the homicide he had loaned the deceased $5.78 and that the deceased had agreed to pay him, but when he asked the deceased for the money on the morning of the homicide, the deceased refused to pay and threatened him. Defendant further testified that prior to the fatal shooting he observed the deceased with a shotgun in his hand which he placed in the front seat of his car. The defendant testified that he loaded his shotgun, went to the front yard of the deceased where the deceased was watering his lawn, to talk to him. He stated that the deceased moved toward the front door of the car and he ordered him to stop, but that he thought the deceased was attempting to open the door to get the shotgun with which to injure him. It was at this time the defendant fired the fatal shot. He testified that the deceased staggered back a few steps toward the street and fell to the ground.

The defense then offered the testimony of James Earl Smith, who arrived at the scene shortly after the shooting and testified that he observed Mrs. Porter take a gun from the front seat of the car into her home, and he called the police.

After the State called several rebuttal witnesses, the defendant called Officer Simp McClendon, who was the dispatcher on duty at the time of the homicide. This officer testified that a woman had reported the homicide and that he had never received a call from a man. At the conclusion of this witness' testimony, counsel for defense sought a continuance in order to produce the testimony of Ella Mae Connors, from whose home witness Smith had allegedly placed the call to the police reporting the homicide. The court refused to grant a continuance for the reason that no predicate had been laid for calling this witness and for the further reason that counsel was attempting to impeach his own witness, Officer McClendon. Thereafter, the court instructed the jury in the first stage of a two-stage proceeding and they returned a verdict finding the defendant guilty. They were then instructed under the provisions of 57 O.S.Supp. § 138 (as to "good time credits"), and they retired to deliberate and returned a verdict fixing the defendant's punishment at life imprisonment.

At the outset we observe that the evidence of defendant's guilt is overwhelming and it is difficult to see how the jury could have arrived at any other verdict than the one which they returned. We are of the opinion that the defendant's first assignment of error that the trial court committed reversible error in refusing to grant a continuance in order that he be permitted to call an additional witness for the purpose of impeaching Officer McClendon's testimony as to the identity of the person who notified the police of the homicide, is wholly without merit and unsupported by any citation of authority.

We are likewise of the opinion that the defendant's second assignment of error that the closing argument of the State was calculated to prejudice and inflame the jury, thus requiring reversal, is also without merit. From an examination of the record we are of the opinion that the closing argument was well within the rule enumerated in Pickens v. State, Okl.Cr., 450 P.2d 837, citing with approval Valenti v. State, Okl.Cr., 392 P.2d 59, wherein this Court held:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom."

This leads us to a consideration of the defendant's last assignment of error that the trial court erred in instructing the jury in the second stage of a two-stage proceeding under the provisions of 57 O.S. Supp. § 138. It was error for the trial court to give this instruction (See Williams v. State, Okl.Cr., 461 P.2d 997), but since the jury had determined the defendant's guilt prior to the giving of the instruction, and since the punishment imposed was the minimum provided by law, the error, at most, was harmless error.

For all of the reasons above set forth we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

TOM BRETT, P. J., and NIX, J., concur.