Jim CHUCULATE et al., Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15495.

Court of Criminal Appeals of Oklahoma.

July 28, 1971.

Gene F. Mowery, Stilwell, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Norman Cannon, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

After having been charged originally together with Ollie Shell, Sue Taylor and Lonnie Sanders, the Plaintiffs in Error, Jim Chuculate, Felix Sanders, Roy Taylor and Jack Sanders, hereinafter called defendants, were charged by Amended Information in the District Court of Adair County, Oklahoma, Case No. CRF-69-60, for the crime of Robbery by Force, in substantially the following language, to-wit:

"On April 26, 1969, * * * did wrongfully, feloniously and conjointly, while acting in concert each with the other rob one Aaron Tillery, by wrongfully taking * * * money and personal property of value * * * in his immediate presence, without his consent and against his will, said robbery being accomplished * * * by means of force and violence used against the said Aaron Tillery by then

and there knocking him down with a rock, beating him and holding him. * * *"

Upon Motion of the prosecutor the charges against Ollie Shell and Sue Taylor were dismissed, and the magistrate dismissed the charges against Lonnie Sanders, June 4, 1969; and the four defendants herein were held for trial in the District Court of Adair County, Oklahoma, and stood trial together. Their trial was conducted in a two stage proceeding because of the new statutory provisions contained in 57 O.S. Supp.1970, § 138, "Credits for good Conduct—Instructions to Jury—Maximum Term," which section was subsequently determined to be unconstitutional. See: Williams v. State, Okl.Cr., 475 P.2d 622 (1970).

It is not necessary to discuss the facts involved in this case to reach a decision herein; and although there appears to be no authority for the two stage procedure followed in this case, after instruction that the sole purpose of their deliberation was determination of the guilt or innocence of the defendants, the jury returned separate verdicts finding each of the four defendants guilty as charged. Defendant Chuculate especially pleads error in that the verdict rendered by the jury against him is not substantiated by the State's evidence because no evidence was presented showing that he was either at the scene of the alleged robbery, or that he otherwise aided or abetted in the robbery, nor was he identified by the victim, as being one of the robbers. A thorough search of the record reveals that contention to be true. Except for the evidence relating to the "out of court identification" of Chuculate in the City Jail at Lincoln, Arkansas, where the four defendants were taken following their arrests in Arkansas, he is not shown to have otherwise been with the other three men. The victim, Aaron Tillery, was taken by the Undersheriff of Adair County to Lincoln, Arkansas, to view the "suspects" in the City Jail there.

Defendants' complaint, that they were subjected to a line-up, by a "viewing" by

Tillery in the Lincoln City Jail, without being warned of their rights to have an attorney present; and without having knowingly and intelligently waived such right to assistance of counsel, has some merit; but from the state of the record we cannot say that the line-up, or viewing, was so impermissibly suggestive as to give rise to a "very substantial likelihood of irreparable misidentification," except as otherwise hereinafter shown. See: Powell v. State, Okl. Cr., 478 P.2d 923 (1970), Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968); and Thompson v. State, Okl.Cr., 438 P.2d 287 (1968).

■■ Although the trial judge did not read to the jury the "Good-time and other credit provisions of 57 O.S.Supp.1970, § 138, he paraphrased the provisions in the second stage proceeding, during his instructions on the determination of punishment. However, when such instruction is given in the second stage of a two stage proceeding, the appropriate remedy for the erroneous instruction is modification of the sentence imposed. See: Williams v. State, *supra.* In addition, we note the trial court's erroneous instruction to the jury that upon service of one-third of his sentence, the defendant is *entitled* to a parole is clearly erroneous. That is a matter provided for by the Pardon and Parole Board and is not a consideration for the court or the jury under any circumstances.

The State asserts that defendant Chuculate's proposition contending that he was not identified as being one of the robbers, is valid only as a claim that he was not identified *by name*; and this contention is significant in view of the prosecution's procedure of requesting the court to let the record show that the victim's descriptive identification in court, as to the other three defendants, constituted identification of those defendants by name. No such request appears in the record, as regards any alleged identification of defendant Chuculate in the trial.

At the time of the robbery, according to the victim's testimony, there was a woman with the robbers; and the victim asserted that, at least so far as he could tell, there was no one else present. There is no evidence in the record showing that defendant Chuculate performed, or did any act which could have been considered "aiding or abetting the other defendants" Also, while, the record fails to reveal the precise moment when the victim recognized the three defendants signifying that his "in court" identification followed his observation at the scene, we cannot say that he did not make that identification based upon his observations at that time, except as to the defendant Chuculate whose presence the evidence does not establish. He testified that he viewed the robbers for two or three minutes, so we do not accept the contention that the identification resulted from the "line-up" or "viewing" asserted in this appeal.

We believe that the State's suggestion, though veiled, that the requirements of the procedure for conducting a line-up, as required by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Thompson v. State, *supra*, are not to be applied to line-ups conducted by officers of another jurisdiction beyond the boundaries of Oklahoma, as in this case, is deserving of some discussion.

■ Being concerned in this Court with the constitutional rights of those accused under the laws of the State of Oklahoma, and having heretofore established guide-lines for avoiding the tainting of "in court" identifications by unconstitutional "out-of-court" identifications, this Court's primary concern also involves the defendants' constitutional rights under the United States Constitution and must concern itself with the method of the alleged taint, rather than dwell upon academic distinctions. We are more interested in the effect of such action upon the constitutionally protected rights of the accused, than we are with the authority and identity of those whose action affects such rights. We do not believe this view is an enlargement by decree of the Court's, or the State's, juris-

diction; and we are, therefore, constrained to hold that where it is shown that a violation of an accused's constitutional rights, by officers of another state, within the United States of America, which aids in the conviction of the accused in the Courts of Oklahoma, is as much subject to this Court's scrutiny and condemnation on appeal as the identical violation should it be effected in Oklahoma, by Oklahoma Officers. This must be true, at least, to the degree that such a violation might affect use of the fruits of that violation in the courts of this State, as they pertain to rights under the United States Constitution. This standard, applied to the alleged circumstances herein being reviewed, requires that an "out-of-court" identification made in another state under the direction of police officers of that state, will be considered by this Court for the purpose of determining "taint" of an "in-court" identification made, or subsequently made in the Courts of Oklahoma. Therefore, because of the erroneous instructions of the trial court relating the entitlement of a prisoner to a parole and the instructive observations concerning "good-time" and other credits of a prisoner, as set forth above, it is the decision of this Court that the judgment and sentence of eight (8) years assessed against the defendants, Felix Sanders, Roy Taylor and Jack Sanders, in Case No. CRF–69–60 in the District Court of Adair County, Oklahoma, should be, and such judgments and sentences are hereby, modified to terms of five (5) years; and the judgment and sentence entered in that case against the defendant Jim Chuculate, should be and it is hereby, reversed and remanded for a new trial.

As modified, the judgments and sentences entered in Case No. CRF–69–60 in the District Court of Adair County against Felix Sanders, Roy Taylor and Jack Sanders, is affirmed. In that case, the judgment and sentence against Jim Chuculate, is reversed and remanded for a new trial.

NIX, J., concurs.