**Ricky Gene McDONALD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17576.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

E. Terril Corley, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Ricky Gene McDonald, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–72–22, for the offense of Robbery With Firearms. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Ray Seifried, 77 years of age, testified that in the evening hours of December 28, 1971 he was at his home at 2629 South Trenton in Tulsa when a person, whom he identified in court as defendant, came into his back bedroom unannounced and asked to use his telephone. Defendant stated to him that he had car trouble and wanted to call a service station. Seifried attempted to assist the defendant in looking up a telephone number and the defendant abruptly left. Shortly thereafter, the defendant returned with another masked individual who was armed with a rifle. The defendant stated, "I want your money." (Tr. 8) Seifried handed him his "pocketbook" and the defendant removed the money. Seifried testified that there was somewhere between One Hundred and Two Hundred Dollars in the "pocketbook." Defendant also took a Panasonic radio which had been given to Seifried as a gift.

Travis Elliott testified that he was an employee of Mr. Seifried. He identified State's Exhibit One as being Seifried's radio.

Judy Henton, the defendant's girlfriend, testified that she was with the defendant on the evening in question at an apartment on East Tenth Street. The defendant, Robert Crawford and Larry McDonald left the apartment at approximately 7:30 p.m. Upon their return, the defendant advised her that they had robbed an insurance man

named Seifried. They brought a rifle and a radio into the apartment. The defendant had a sum of money which was subsequently split three ways between the defendant, Robert and Larry.

Officer Boston testified that on December 31, 1971 he assisted in the arrest of the defendant. The defendant was standing next to a 1965 Rambler station wagon in which the officer observed State's Exhibit One, the Panasonic radio, in the back seat.

Detective Larry Johnson testified that he interrogated the defendant at the City Jail in Tulsa on January 2. He advised the defendant of his "constitutional rights" and the defendant advised him that he understood his rights. The defendant stated that the robbery was set up by Robert Crawford who was an employee of a downtown club. He admitted that he and Crawford robbed Seifried of the money and radio. Crawford had a ski mask over his face and was armed with a rifle.

The defendant did not testify nor was any evidence offered in his behalf.

The first proposition asserts "improper comments during the closing argument by the District Attorney were prejudicial, inviolative of defendant's right to a fair and impartial trial." We have carefully examined each of the three alleged improper comments and observe that on the first two instances the defendant objected but did not request that the jury be instructed to disregard the improper statement. On the third instance, the defendant did not object. In Overstreet v. State, Okl.Cr., 483 P.2d 738, we stated:

"* * * We have previously held that if counsel wishes to preserve the record during closing argument of the State, that when an objectional statement is made by the prosecuting attorney, it should be called to the attention of the court by timely objection, together with a request that the jury be instructed to disregard the improper statement and in the event that the objection is overruled, an exception should be taken to the rul-

ing of the court, preserved and argued in the Motion for New Trial. When this is not done, the matter cannot be presented for the first time in the Motion for New Trial and in the Petition in Error and briefs on appeal. * * *"

We further observe that the alleged improper comments were within counsel's liberal freedom of speech and wide range of discussion. See Williams v. State, Okl.Cr., 475 P.2d 622.

The final proposition contends that the punishment is excessive. Defendant argues that had it not been for the improper remarks of the prosecuting attorney his sentence would have been lighter. We are of the opinion that this proposition is without merit. The prosecuting attorney, in his closing argument, requested that the jury assess a punishment of not less than twenty nor more than sixty years imprisonment. In view of the overwhelming evidence of defendant's guilt and the verdict of ten (10) years, it is readily apparent that the jury was not prejudiced.

The judgment and sentence is, accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.