[No. 256-1.    Division One—Panel 1.    December 28, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES MCCORMACK, *Appellant*.

*Williams & Novack* and *Edward D. Hansen*, for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney*, and *Donald J. Hale, Deputy*, for respondent.

FARRIS, J.—Mr. McCormack appeals from a jury verdict convicting him of first-degree forgery. He was convicted of

forging the payee's name to a welfare check for the purpose of cashing it. The check was mailed to a tenant at an apartment house where Mr. McCormack had lived and frequented for a period of time. The assistant manager of the store who had witnessed the signing and cashing of the check testified that Mr. McCormack resembled the forger but could not make a positive identification. He also stated that he had seen Mr. McCormack in the store before. A handwriting expert testified that in his opinion the handwriting on the check and that in a sample of Mr. McCormack's handwriting were of the same person. The handwriting sample was a confession to an unrelated crime which had been written and signed by Mr. McCormack. It was introduced into evidence and allowed to go to the jury with a qualifying instruction.[1]

Mr. McCormack argues that a confession to an earlier unrelated crime signed by him should not have been admitted into evidence and submitted to the jury. He bases his objection upon several theories.

■ He argues that the statement which was in his handwriting was not given voluntarily. The allegation of involuntariness of the exemplar was not timely raised. A motion to suppress must be timely made.[2] *State v. Duckett*, 73 Wn.2d 692, 440 P.2d 485 (1968). The exemplar was admitted for the limited purpose of identifying writing and not for the truth of its content.

■ The introduction of the exhibit did not violate his privilege against self-incrimination:

It appears that the writing of a signature was assumed to be testimonial in nature and its admission into evi-

---

[1]"Exhibit Number Two has been admitted in evidence for the sole purpose of comparing the handwriting on Exhibit Number Two and the handwriting on the endorsement contained on the back of Exhibit Number One. You are absolutely forbidden to allow any information contained in the text of Exhibit Two to play any part in your deliberations as to the guilt or innocence of the accused of the crime for which he is now on trial. You may use Exhibit Number Two to evaluate the testimony of the State's expert witness on handwriting and to compare the handwriting thereon to the handwriting contained on Exhibit Number One, and for no other." Instruction 5.

[2]Counsel on appeal was not trial counsel.

dence was asserted to infringe what defendant claims to be his "constitutional right to remain silent." The privilege against self-incrimination applies to testimonial compulsion only. It does not apply to a simple physical act, a bodily action like taking off shoes or rolling up sleeves or writing for identification. These are simply body exhibitions. [Citing authorities.]

*State v. Craig,* 67 Wn.2d 77, 82, 406 P.2d 599 (1965).

A more serious question is the possible prejudicial effect when a confession to a prior and unrelated crime is admitted into evidence and allowed to go to the jury. The defendant refused to provide a sample of his handwriting. He cannot be compelled to do so. The state had no other sample of his handwriting. Because of the nature of the document, the trial court properly considered deleting certain portions of it. When this effort was thwarted by the appellant's insistence that the entire document be admitted into evidence if any portion of it was admitted, the trial court gave a limiting instruction. No further precautions were necessary.

■ Although the general rule is that the state may not introduce evidence of other crimes, there are well-established exceptions to this rule. These are when the evidence presented tends to establish: (1) motive; (2) intent; (3) the absence of accident or mistake; (4) a common scheme or plan; or (5) identity. *State v. Harrison,* 72 Wn.2d 737, 435 P.2d 547 (1967); *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967). The admission of the confession in the instant case was for purposes of establishing identity.

■ Appellant asserts that there was not sufficient evidence to sustain the conviction. We must therefore determine whether there was substantial evidence, circumstantial or direct, to enable the jury to find that the crime was committed and that the defendant, James McCormack, committed it. A careful review of the evidence resolves the issues against the defendant. The record establishes that (a) James McCormack was living at or frequenting the Mohawk Apartments at about the time the Edward Mitch-

ell check was missing; (b) Mitchell had been living at the Mohawk Apartments and expected to find his April check there on or about April 3; (c) Mitchell's signature was forged and the check was cashed at the West Dependable Store on April 5 or 6; (d) McCormack had been a customer at the West Dependable Store prior to the passing of the Mitchell check; (e) McCormack resembled the person who passed the check at West Dependable Store; (f) McCormack's handwriting was on the back of the check, and the person passing the check had signed it in the grocery clerk's presence.

> It is well established in this state that the scope of an appellate review of the sufficiency of circumstantial evidence is limited to a determination of whether the state has produced *substantial evidence* tending to establish circumstances from which the jury could reasonably infer the fact to be proved. [Citing cases.] In so doing, the court does not weigh the evidence but merely examines its sufficiency.

*State v. Dugger,* 75 Wn.2d 689, 690, 453 P.2d 655 (1969). *See also State v. Palmer,* 1 Wn. App. 152, 459 P.2d 812 (1969).

The post-trial motions in arrest of judgment or in the alternative for a new trial were properly denied.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.