### J. T. GROOMS v. STATE.

No. A-10210.   Nov. 3, 1943.
(142 P. 2d 862.)

J. G. Clift, of Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, J. T. Grooms, was charged by information filed in the district court of Stephens county with the crime of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $100, and has appealed.

It is first insisted that the evidence is insufficient to sustain the conviction.

The proof on behalf of the state showed that shortly after dark on December 8, 1940, the defendant was driving his automobile on the paved highway between Waurika and Duncan. At a point on the highway about five miles south of Duncan defendant drove his automobile into the rear of another automobile going in the same direction as the automobile the defendant was driving. Defendant's car struck the other automobile with such force as to propel both cars across the highway and one of the wheels of defendant's automobile went upon and lodged in the turtle-back of the other car.

The highway patrolman who arrived at the scene within ten minutes after the collision said that the defendant was drunk. In describing his physical condition

he stated that he could smell intoxicating liquor on his breath. That defendant staggered when he walked and had to brace himself against a car while talking to him. That he talked thickly and repeated a lot, and his actions in general were those of a drunk man.

The sheriff and one of his deputies each testified that they went to the scene of the collision shortly after it occurred, and there found the defendant and his automobile. They each expressed the opinion that the defendant was under the influence of intoxicating liquor. They took the defendant home and had his wife put him to bed. The defendant asked them to take him to jail and said he had rather go to jail than to go home. Each of them smelled intoxicating liquor on his breath, but did not know whether it was whisky or beer.

In his own behalf the defendant testified that he had been to Madill and that on his return he stopped at Waurika and drank two bottles of beer and ate a sandwich. That at the time the collision occurred he was blinded by the lights of an approaching automobile and did not see the car ahead of him until he was right on it, too late to stop and prevent the collision. He denied that he was under the influence of intoxicating liquor. His hand was slightly hurt in the crash and he was taken to the hospital by the officers to have his wound treated.

The doctor who treated defendant's wound at the hospital testified that, in his opinion, the defendant was not under the influence of intoxicating liquor.

Three other witnesses testified for the defendant that they had known him for a long time and that they had never seen him under the influence of intoxicating liquor. None of them, however, knew anything at all about the facts of the particular case.

The evidence taken as a whole presented a disputed question of fact for the determination of the jury as to whether the defendant, at the time of the collision, was operating an automobile on a public highway while under the influence of intoxicating liquor.

In the similar case of Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553, it is stated:

"Where the evidence is conflicting, the weight of the evidence and the credibility of the witnesses is for the jury. This court will not substitute its judgment for that of the jury and the trial judge, where there is evidence reasonably tending to support the conclusions arrived at by the jury."

It may have been that the defendant had only drunk two bottles of 3.2 per cent beer just as he testified. It is not a question of how much intoxicating liquor a person accused of operating his car while under the influence of intoxicating liquor has drunk, but rather a question of whether or not he has inbibed enough alcoholic drink to affect his faculties to such an extent that the jury, under all the facts in the case, could reasonably conclude that he was under the influence of intoxicating liquor.

It is next insisted that the county attorney and the assistant county attorney committed reversible error by reason of certain improper remarks they allegedly made to the jury in their closing arguments.

The record discloses that at the conclusion of the trial the defendant, through his counsel, prepared and filed an instrument in the record which reads as follows:

"State of Oklahoma vs. J. T. Grooms.

"The defendant excepts to the following statements made to the jury by Mr. Speer, Assistant County Attorney:

"This man stopped in beer joints from the time he left Madill until he reached Waurika drinking beer and whiskey and spent the biggest part of the day drinking and spent several hours in Waurika drinking more beer and whiskey. That Grooms told Grady Neal he couldn't arrest him and put him in jail.

"The defendant excepts to the following statements made to the jury by Mr. Marmaduke, County Attorney.

"Just four hours ago Mr. Dixon came to me and asked if there was anyway he could get out of testifying against his old friend Tom Grooms. That during our conversation Mr. Dixon stated that he and Tom Grooms had been friends for years and he sure hated to hurt his old friend.

"Excepted for the reason that there was no evidence in the record of the facts stated by Mr. Speer. And any conversation between Dixon and Marmaduke not had in the presence of the defendant would be inadmissible and said remarks were prejudicial and improper."

If the remarks incorporated in this statement were in reality made by the prosecutors, they were certainly statements made outside of the record and not justified by any of the evidence introduced at the trial. The proper procedure would have been for counsel for defendant to have objected and excepted to the improper argument of the county attorney at the time it was made and move the court to direct the jury not to consider the same. If the statement is such that its effect could not be erased from the minds of the jury, but substantially prejudiced the defendant, it would constitute reversible error and grounds for a new trial.

Here, however, the record does not disclose that the defendant made any objection to any of the argument of the county attorney or his assistant, other than the recital in the instrument filed after the arguments had been

completed. There is nothing in the record to show any action of the trial court in connection with the objection to the alleged improper argument, and without a proper record on this question showing the ruling of the court thereon or a statement of the trial court or court reporter that the argument alleged to have been made was in reality made, we may not consider such issue.

In the case of Quitman v. State, 35 Okla. Cr. 245, 250 P. 441, it is held:

"Exceptions must be saved to alleged improper remarks of the prosecuting attorney in his argument to the jury, and such remarks must be preserved by being incorporated in the case-made, or by bill of exceptions duly allowed, to render them available on appeal; and, when not so preserved in the record, such remarks cannot be shown by affidavit or mere recitals, in a motion for new trial."

In the case of Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 215, it is stated:

"Ordinarily, error cannot be predicated on mere unexplained excerpts from the remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context, and whether or not they were invited or provoked by remarks made by opposing counsel."

In the case of Allen v. State, 74 Okla. Cr. 203, 124 P. 2d 737, 738, this court held:

"If improper statement was made by special prosecutor in closing argument to jury and defendant desired to complain on appeal, the statement should have been properly preserved when made, rather than at close of arguments."

It is our opinion. after a consideration of the entire record, that the defendant had a fair and impartial trial and that there are no material errors which would justify or require a reversal of the judgment of conviction.

The judgment of the district court of Stephens county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., absent.