Charles Hartwell **PARROTT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7069.

United States Court of Appeals
Tenth Circuit.

Feb. 8, 1963.

* Potter v. Carvel Stores of New York, Inc., D.C., 203 F.Supp. 462.

Paul Gotcher, Muskogee, Okl. (Anthis & Gotcher, Muskogee, Okl., and Tom Finney, Idabel, Okl., on the brief), for appellant.

Edwin Langley, U. S. Atty. (E. C. Nelson, Asst. U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The appeal is from a judgment of fine and imprisonment entered on a jury verdict finding the appellant-defendant guilty of conspiracy to rob a bank insured by the Federal Deposit Insurance Corporation. The only point deserving consideration is the effect of a statement by the trial judge in the voir dire examination of prospective jurors that 3 other charges of bank robbery were pending against the defendant.

The voir dire examination was not recorded. After discovery of this fact, counsel for the defendant filed a motion to complete the record and supported that motion with affidavits. The official court reporter then wrote defense counsel, saying:

"I beg to advise that it is not the practice to take voir dire examination of the jury, consequently my notes of the trial do not contain Judge Rizley's statement to the jury."

The statute requires the recording of "all proceedings in criminal cases had in open court."[1] This provision is mandatory and the court has the duty to require compliance.[2] A local rule or practice cannot override a statute of the United States.

The government does not deny that in the voir dire the trial judge mentioned the other bank robbery cases pending in the same court against the defendant but argues that the error was harmless. The unavailability of a full transcript because of the undisputed failure of the court reporter to comply with the statute makes it impossible for us to determine whether the errors were harmless and should be disregarded because of Rule 52(a), F.R.Crim.P. The Fifth Circuit has reached the same conclusion in a similar situation.[3]

Reversed and remanded for a new trial.

1. 28 U.S.C. § 753(b) provides in part: "One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of court or by one of the judges, and shall record verbatim by shorthand or by mechanical means: (1) all proceedings in criminal cases had in open court; * * *." The importance of recording the voir dire examination is shown by such cases as Consolidated Gas & Equipment Company of America v. Carver, 10 Cir., 257 F.2d 111, 113–114, where a judgment was reversed because of a false answer on voir dire.

2. Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 399.

3. Stephens v. United States, 5 Cir., 289 F. 2d 308, 309.