Douglas Cecil **JOHNSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 19820, 20045.

United States Court of Appeals Ninth Circuit.

May 6, 1966.

John B. Kugler, Pocatello, Idaho, for appellant.

Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and MATHES, District Judge.

PER CURIAM:

■ By seven assignments of error appellant presses four contentions upon which we rule as follows:

1. Sufficient foundation was laid for admission of the exhibits. As to the documents, when taken together their relevance is clear.

2. Since no objection was interposed to the court's charge to the jury, error in that respect is not available here.

3. There was ample evidence to support the jury verdict.

4. Prejudicial error does not appear from failure of the Commissioner to assign counsel for appellant at the preliminary hearing [1] or to order that proceeding reported in order that appellant might be provided with a transcript. Denial of counsel at preliminary hearing is not grounds for reversal where the record discloses no opportunity for prejudice. Chester v. California, 355 F.2d 778 (9th Cir. 1966); Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965).

■■ Here appellant was sufficiently warned. He did not testify. He was subsequently indicted and his trial (as well as his confinement from that time [2]) was upon the indictment. Appellant was not disadvantaged by anything that occurred at the preliminary hearing. On the contrary, he thereby discovered the Government's case against him. Failure of the Government to lend assistance which might have enabled him to realize advantage to a still greater degree does not constitute prejudice.

Affirmed.

[1]. At the time of the preliminary hearing the Criminal Justice Act of 1964, 78 Stat. 552 (1964), 18 U.S.C. § 3006A (1964), which provides counsel for indigents at such hearings had not yet become law.

[2]. After the preliminary hearing appellant sought habeas corpus from the District Court arguing that denial of counsel and a transcript rendered his confinement illegal. The District Court denied the writ, and appellant here appeals from that denial, as well as from judgment of conviction. Since his confinement from the date of indictment was no longer on the basis of the preliminary hearing, the only question we face here is whether denial of counsel and transcript at preliminary hearing prejudiced his subsequent trial.