[Nos. 39286, 39594.    Department One.    May 2, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEON
DUCKETT, *Appellant*.
*In the Matter of the Application for a Writ of Habeas
Corpus of* ROBERT LEON DUCKETT, *Petitioner*, v. ERNEST C.
TIMPANI, *as Superintendent of the Washington Correction
Center, Respondent.**

*Reported in 440 P.2d 485.

*Hohlbein, Church, Sawyer & VanDerhoef,* by *Kenneth D. VanDerhoef,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *David H. Beitz,* for respondent State.

*Lee D. Rickabaugh,* for respondent Timpani.

WEAVER, J.—A jury found defendant guilty of robbery while armed with a deadly weapon. While his appeal from a judgment and sentence was still pending, defendant filed a petition for a writ of habeas corpus. We consider together the questions raised by the appeal and the petition.

The market robbed was located at 5409 Fourth Avenue South in Seattle. The owner of the market and his employee, who had seen defendant in the store "many times before," made in-court identification of defendant and his codefendant, who has not appealed.

About 10:15 p.m. August 18, 1966, the Seattle police received a report of an assault involving three men in a 1956 pink and white Ford 4-door sedan, license number AJI-105. The evidence established that the three men were seen in the car at the location described. This report was relayed by radio to police patrol cars.

Shortly before midnight of the same day, two men robbed a market, taking money and cigarettes. One was armed with a gun, the other with a knife. Both wore nylon stockings over their faces, but the market employee recognized defendant as a former customer of the store.

The police were notified immediately, and a patrol car was dispatched to watch for fleeing suspects going north on the street where the market was located. The officers in the patrol car identified the automobile described in the earlier radio report as it sped north, about 45 miles per hour on the same street. The patrol car pulled up behind the suspect car and turned on its red light and siren. In doing so, it identified the license number of the automobile described in the first police radio report. Instead of stopping, the suspect car accelerated rapidly, and a 40-block, high-speed chase through Seattle ensued, with speeds up to 90 miles

per hour. Finally, on Fourth Avenue, adjacent to the King County Courthouse, the fugitive car crashed into parked automobiles and broke into flames.

Three men fled from the car. A warning police-shot stopped their flight, and the three were taken into custody. They were the defendant, codefendant, and the brother of the codefendant.

After the fire was extinguished and the car cooled, a search disclosed loose money, packages of cigarettes, and a jacket. Several hours later after the car was impounded, it was searched again and a nylon stocking was found.

The issues present the question of whether defendant had a fair trial. The assignments of error are these:

(1) The court erred when it denied defendant's motion to suppress certain evidence because it was not timely filed;

(2) The court erred when it admitted evidence of an unrelated crime;

(3) The court erred when it permitted the prosecuting attorney, in rebuttal argument, to refer to the failure of defendant's counsel to call a certain witness;

(4) The court erred when it failed to determine that defendant's arrest and the subsequent search of an automobile were unlawful;

(5) The court erred when it admitted evidence of defendant's identification in police lineups without advising him of his right to the assistance of counsel at the time of the lineups.

On the morning the case came on for trial, defendant's counsel moved to suppress certain tangible evidence because it was allegedly secured after an unlawful arrest and by an unlawful search. The trial court refused to hear the motion on the merits because it was not timely filed and was not supported by affidavits.

■ As a general rule, a defendant must "within a reasonable time before the case is called for trial, move for . . . suppression and thus give the court an opportunity to try out the disputed question of fact" (*State v. Robbins*, 37 Wn.2d 431, 224 P.2d 345 (1950)), unless the defendant offers to prove that, by the exercise of reason-

able diligence, he could not have learned earlier of the unlawful seizure.

The exception has no materiality here. Counsel did not argue that they were unaware of the tangible evidence secured by a search of the car. In fact, the record supports the conclusion that counsel knew, from evidence adduced at a preliminary hearing, that the car was searched almost 2 months before the day of trial.

■ Our decision, however, need not be based on this ground alone. The arresting officers had probable cause to believe the defendants had committed a felony, and therefore the search of the car was reasonably incident to a lawful arrest. *State v. Nolan*, 69 Wn.2d 961, 421 P.2d 679 (1966); *State v. Baxter*, 68 Wn.2d 416, 413 P.2d 638 (1966); *State v. Darst*, 65 Wn.2d 808, 399 P.2d 618 (1965). The officers in the patrol car that chased the defendants had probable cause, from the earlier radio report, to believe that the defendants had committed an assault. A police officer testified that when the car in which defendant was riding refused to stop and fled at high speed, he then had reason to believe that the occupants of the suspect car were involved in the robbery as reported by the police radio. Considering the time, the place, and the pertinent circumstances, as well as all the facts within their knowledge, the arresting officers had reasonable grounds to believe that defendants had been involved in the commission of a felony. The facts meet the test set forth in *State v. Baxter, supra.*

The fruit of the search being incident to a lawful arrest upon probable cause, the court did not err when it denied defendant's motion to suppress certain evidence. This conclusion is also dispositive of defendant's fourth assignment of error.

Defendant contends that the reference to an assault that allegedly took place earlier the same evening constituted reversible error. We do not agree.

Although the prosecuting attorney in his opening statement referred to an "assault" and stated that one of the

men had been armed with a gun, the trial court instructed the jury to disregard any reference to a weapon "except as it may pertain directly to this case."

Thereafter, no further reference was made to the use of a gun prior to the robbery; and the witnesses referred to the occasion prompting the first police radio report as an altercation. The details of the alleged assault were not explored.

■ The primary issue was identification. The challenged evidence was relevant to the issue of identity and one of the causes of arrest.

Defendant testified that at the time of the alleged robbery he had been driven to West Seattle to visit his girl friend. She did not answer his knock on the door, so he did not see her. He claimed that the police-car chase occurred as they returned from West Seattle.

It is not disputed that the automobile was being driven by Michael Bentley, brother of the codefendant.

In summation, defendant's counsel stated:

> They [the state] identified another man in here as Carl's [codefendant] brother, Michael Bentley. *We haven't had the opportunity of anything of his presence.* He was not charged in the robbery. Why did he take off when the police came? (Italics ours.)

Thus, defense counsel left the impression that the state had been remiss in not calling Michael Bentley to the stand. The record discloses that Michael Bentley was subpoenaed by the state but did not testify.

In rebuttal argument, the prosecuting attorney stated:

> [I]f he [Michael Bentley] can tell the story about going up to Kindness' house in West Seattle, [defendant's alibi] why didn't the defense call him?

At this juncture, counsel for codefendant stated:

> I think this jury should be instructed that the state listed Mr. Michael Bentley as a witness and he is anybody's witness. The defendants have no burden. The burden applies only to the state.

■ Defendant urges that the argument of the prosecuting attorney shifted the burden of proof to defendant. We do not agree. The argument of defense counsel invited the

observation of the prosecution. It was entitled to comment that if the defense wanted the benefit of the testimony from Michael Bentley, they could have called him to the stand. Compare *State v. West,* 70 Wn.2d 751, 754, 424 P.2d 1014.

The argument was invited and was not prejudicial.

In the early morning hours of August 19, 1966, defendant was required to appear in two police identification lineups. He was identified as one of the robbers. He urges that his constitutional rights were breached, for he had not been advised of his right to the assistance of counsel at that stage of the proceeding.

█ This court has held on numerous occasions that a police lineup is a proper identification proceeding, and that it does not force a suspect to give incriminating evidence against himself since the procedure is neither testimonial nor communicative in nature, but merely a bodily exhibition that speaks for itself. See *State v. Cook,* 70 Wn.2d 715, 424 P.2d 1006 (1967); *State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967).

We are aware of two recent decisions of the United States Supreme Court: *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 Sup. Ct. 1951 (1967) and *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 Sup. Ct. 1926 (1967), which discuss at length an accused's right to counsel at the lineup stage of the proceeding.

*Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 Sup. Ct. 1967 (1967), however, holds that the rule announced in *Gilbert* and *Wade* is not retroactive and only affects confrontations conducted after June 12, 1967. The police lineups in the instant case were prior to the rule of *Gilbert* and *Wade;* hence, there is no merit in defendant's contention.

The judgment is affirmed, and the petition for habeas corpus is denied.

It is so ordered.

FINLEY, C. J., ROSELLINI and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.