Douglas Cecil JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22009.

United States Court of Appeals
Ninth Circuit.

June 21, 1968.

**780**

Douglas Cecil Johnson in pro. per.

Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, for appellee.

Before MADDEN and DUNIWAY, Circuit Judges, and WEIGEL, District Judge.

WEIGEL, District Judge:

Appellant is a prisoner at McNeil Island Federal Penitentiary, Steilacoom, Washington. He appeals from the denial of his motion, under 28 U.S.C. § 2255 (1964), to set aside and vacate judgment and sentence.

On November 10, 1964, appellant was convicted by a jury of violating 18 U.S.C. § 659 (1964), as amended, (Supp. II, 1967) (theft from an interstate shipment). He was sentenced to five years in prison. His appeal from the conviction and sentence was consolidated with his appeal from the district court's denial of a petition for habeas corpus. Johnson v. United States, 361 F.2d 447 (9th Cir.), cert. denied, 385 U.S. 976, 87 S.Ct. 516, 17 L.Ed.2d 439 (1966). That appeal, in which he was represented by counsel, raised five contentions which appellant now seeks to relitigate here. Brief for Appellant, Johnson v. United States, supra. In doing so, he offers nothing but a rehash of contentions previously urged upon and rejected by this court.

 Appellant's remaining contentions are also devoid of merit. There is no factual support for his claim that his conviction was tainted by suppression of evidence on the part of the prosecution. The same shortcoming attends the claim of a conspiracy against him entered into by various police officers, the U. S. Commissioner and the alleged co-participants in the crime. The transcript belies the claim that the chief witness for the government perjured himself by failing to reveal his true name. (Tr. 5.) There is

no merit in appellant's contention to the effect that the indictment is lacking in requisite specificity.

Finally, in a separate "letter-motion" addressed to the court as a whole, appellant claims that he has already served forty-four months of his five year sentence and is therefore entitled to immediate release. Appellant apparently is alluding to 18 U.S.C. § 4161 (1964), which provides for good conduct time and, if applicable, would reduce a five year sentence to forty-four months and seven days. This contention is not now properly before us. 28 U.S.C. § 1291 (1964).

Affirmed.