Leonard RYDER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–18200.

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1973.

594

Paul D. Brunton, Chief Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Leonard Ryder, hereinafter referred to as defendant, was charged by information in the District Court of Tulsa County with the crime of Robbery with Firearms in that court's case No. CRF–72–1545. Defendant was tried by a jury on October 19, 1972, which returned a verdict of guilty, and assessed defendant's punishment at fourteen (14) years imprisonment in the State Penitentiary. Judgment and sentence was imposed on November 1, 1972, and this appeal perfected therefrom.

On August 17, 1972, at approximately 8:45 p. m., the T. Roy Barnes Drug Store, at 221 East 46th Street North, in Tulsa, Oklahoma, was robbed. The person who robbed the drug store wore gold rimmed glasses and had a light tan or beige handkerchief covering the lower part of his face from the nose down. The robber first approached Pearl Dixon, an employee of the drug store, with a pistol and asked for the pharmacist, and when he arrived, the man said "give me your seconals and

amphetamines, man." The pharmacist turned to get them off the shelf and the man held up a brown paper sack, into which the pharmacist placed the drugs. The pharmacist turned around the corner to get more pills and the individual stated, "hurry, man." When the last of the pills were placed in the bag, the robber departed from the store in an easterly direction on foot.

The police were summoned to the scene of the robbery and arrived at the drug store within two or three minutes. The victims of the robbery gave the police a general description of height, weight, hair, general appearance and age of the robber, how he was dressed, including the fact that the robber was wearing gold rimmed glasses. The police broadcast a general description of the robber, and while the investigating officer was cruising the area, he stopped Mr. Floyd Brown, a taxicab driver, and gave him a description of the robber.

About 9:10 p. m., Floyd Brown received a dispatch to an address near the drug store. When the taxicab driver saw his passenger, he reported to his dispatcher that the passenger appeared to fit the description given him by the police, and asked the dispatcher to have the police stop the cab. As the passenger entered the taxicab he had a white towel in his hands which was wadded up, and which he laid in the floorboard of the taxicab. The passenger directed the cab driver to go to Ute Street, but failed to give him an address; but subsequently, the passenger said, "Make it Seminole" and "I'll have to show you when we get there." Shortly thereafter the police stopped the taxicab and removed the passenger from the vehicle and frisked him. While the passenger was standing next to the cab, the officer looked in the front seat of the cab, where the passenger was riding, and discovered the white towel with several bottles of drugs wrapped therein. Officer Robinson advised the defendant of his constitutional rights and took him to the police station.

The officer testified that after he advised defendant of his constitutional rights, defendant replied that he had an alibi and that his mother and sister would verify that he had been at home during the alleged robbery.

A hearing was had on defendant's motion to suppress, at which Officer Russ Robinson and taxicab driver Floyd Brown testified. Defendant's motion to suppress was properly denied. At the trial the State introduced the testimony of six witnesses, including that of the pharmacist and Pearl Dixon, the taxicab driver, Floyd Brown, Officer Russ Robinson, Officer Fred L. Parks, and Mrs. Murdelle Tiger, the mother of the defendant herein. The drugs found in defendant's possession were identified by the pharmacist, Mr. Wayne Shahan, as being those items stolen from the drug store. Mrs. Dixon, the store employee, related how defendant approached her and asked for the pharmacist. The officers testified concerning their participation in the apprehension of defendant. The State's last witness, Mrs. Murdelle Tiger, defendant's mother, testified that her son resided with her; but on the evening in question she was absent from the residence from approximately 7:00 p. m. until 9:00 p. m. Mrs. Tiger related that defendant was not at home when she left, but that he was there when she returned. She also stated she had two daughters who were there, and identified the towel, introduced as one of the State's exhibits, as one which was owned by her son.

The transcript reflects that defendant testified in his own behalf, but his testimony is not contained in the transcript of testimony.

Defendant's first proposition of error is premised upon the trial court's overruling of the motion to suppress. Defendant asserts: That the arrest of the defendant was without a warrant and was not based on probable cause; and secondly, that the search of the taxicab was in violation of defendant's constitutional rights.

■ Defendant first argues that there was not sufficient probable cause for the officers to arrest defendant herein, and cites the rule stated in Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The rule in Beck is not applicable to these facts. The officers had been informed of the robbery and were provided a description of the robber. There was essentially the same probable cause for the arrest of defendant herein as was found in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Defendant also cites Williams v. State, Okl.Cr., 501 P.2d 841 (1972), and quotes therefrom, asserting that the Fourth Amendment cannot be evaded by the use of a private person to do what an officer cannot do; but that case is distinguished from the instant case on its facts. In Williams v. State, supra, this Court was discussing the search of a package in the airport express office. In that instance the officers directed that the agent of the express company open the package for them, which clearly made the express agent an agent of the police officers. However, in the instant case, the taxicab driver was not in any sense an agent of the officers. Instead, he was a private citizen who was called upon to notify the police if he observed anyone meeting the given description. With reference to the search of the taxicab, there can be no doubt but that the taxicab driver consented to the search of his vehicle. In this respect we find the decision of Fields v. State, Okl.Cr., 463 P.2d 1000 (1970), is not applicable. By the same token, we find that defendant's reference to Johnson v. State, 44 Okl.Cr. 113, 279 P. 933 (1929), is not applicable. We therefore deny defendant's first proposition.

■ Defendant's second proposition of error states that it was error for the trial court to allow Wayne Shahan, the drug store pharmacist, to identify the bottles of drugs allegedly taken from the store. In this proposition defendant asserts there was not a complete and appropriate chain of evidence provided. We observe that this complaint was not raised at the trial, and the court below was not afforded the opportunity to rule on the matter; and, that defendant neglected to examine the officers as to the disposition of the contraband after it was retrieved. Both defendant and the State cite the case of Jones v. State, Okl.Cr., 507 P.2d 1267 (1973), to support their respective positions with reference to defendant's second proposition. After reviewing that case, we are satisfied that there was sufficient testimony to reflect that a reasonable person would be able to logically assume from that testimony that each link of the chain of evidence was complete. Likewise, we agree with the position of the Attorney General that Wayne Shahan was competent to identify the articles allegedly stolen from the drug store. In Gresham v. State, Okl.Cr., 456 P.2d 119 (1969), this Court said in the second paragraph of the syllabus:

"Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than its admissibility."

We therefore conclude that defendant's second proposition is without merit.

■ Defendant's third proposition of error asserts that it was error when the trial court admitted testimony in violation of defendant's fifth amendment right to remain silent, when Officer Robinson was permitted to testify that the defendant did not want to give him his name when he made the arrest. The record shows that defendant offered a timely objection to the question asked of the officer whether or not the defendant gave an alias before he told the officer his name. When defend-

ant's objection was overruled, the officer testified that the defendant gave no specific name, until they reached the police station. At that time, defendant gave his real name. We fail to see how defendant's fifth amendment right to remain silent was invaded, and therefore deny defendant's proposition.

■ Defendant's last proposition asserts that the trial court erred in overruling defendant's objections and motions for mistrial due to prejudicial comments made by the prosecutor in closing argument. In this proposition defendant cites Grooms v. State, 77 Okl.Cr. 448, 142 P.2d 862 (1943), wherein this Court stated with reference to an improper argument of prosecuting attorney: "If the statement is such that its effect could not be erased from the minds of the jury, but substantially prejudiced the defendant, it would constitute reversible error and grounds for a new trial." After reviewing the closing arguments of the prosecutors in this case, we find that the remarks were not so prejudicial as to jeopardize defendant's position. This Court stated in Williams v. State, Okl.Cr., 475 P.2d 622 (1970):

> "The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom."

We therefore deny defendant's third proposition of error.

Therefore, after considering the record and briefs submitted, including defendant's response brief, as well as the pleadings and instructions to the jury, we are convinced that defendant received a fair trial in accordance with due process of law, and conclude that the conviction herein should be affirmed.

It is so ordered.

BLISS, P. J., and BUSSEY, J., concur.