542 P.2d 63

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Willie WRIGHT, Defendant-Appellant.**

**No. 11855.**

Supreme Court of Idaho.

Nov. 5, 1975.

Peter D. McDermott, Pocatello, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a conviction of robbery after trial and a jury verdict of guilty. The questions presented involve the failure of the court reporter to record the closing argument of counsel and the testimony of the arresting officer that the appellant refused to divulge his name at the time of his arrest. While we find error in the failure to record all proceedings, appellant has not demonstrated any prejudice resulting therefrom. We affirm.

Appellant Willie Wright asserts that prejudicial error is found in the testimony of the arresting officer that at the time of his arrest appellant refused to divulge his name and requested an attorney (albeit said testimony came in without objection); that such testimony "was again emphasized" to the jury during the prosecuting attorney's closing argument (again absent any objection); and because the closing argument of counsel was not recorded.

According to her testimony, one Christine Cordova was serving as a clerk in a "7-11" convenience store in Pocatello, Idaho on the afternoon of April 13, 1974. She observed a Negro male of medium height and build, clad in a dark blue sweater, dark blue trousers and a light purple or lilac shirt, enter and remain in the store for approximately one hour during which he inspected and handled many of the items in the store. During that time, in accordance with management direction, she had counted the money in the cash register totalling $94.00 or $95.00. The above described individual finally brought certain items to the checkout counter. While Cordova was totalling and bagging these items, the above described individual threatened her with a knife and removed all paper money from the cash register. After instructing the clerk not to call the police, he fled with a bag containing the money and the specific items. Three minutes later Cordova called the police and gave the above description of the robber. Within a few minutes Police Officer Rossiter sighted the appellant, who identically matched the description furnished by Cordova, some five or six blocks distant from the store. Rossiter testified that he halted the appellant, placed him under arrest, read appellant his Miranda rights and asked appellant his name. Appellant refused to identify himself and requested an attorney. Cordova was immediately brought to the scene of the arrest where she made a positive identification of the appellant. A search of appellant's pockets turned up the sum of $94.00 in paper money in the same denominations as that taken from the store.

Appellant contends that the failure of the district court to require the court reporter to record closing arguments of counsel was error and contrary to the requirement of I.C. § 1-1103. We agree. I.C. § 1-1103 provides:

"The said reporter shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court, but the parties may, with the consent of the judge, waive the

recording by such reporter of any part of the proceeding or testimony."

In *Ebersole v. State,* 91 Idaho 630, 428 P. 2d 947 (1967) extensive consideration was given to the mandatory provisions of the statute. There, error was found in the failure of the district court to record the arraignment of an accused. That holding was reaffirmed one year later in *Martinez v. State,* 92 Idaho 148, 438 P.2d 893 (1968) and extended to cover the recording of closing argument in *Annau v. Schutte,* 96 Idaho 704, 535 P.2d 1095 (1975). The requirement of I.C. § 1–1103 is equally mandatory in the instant case.

Respondent suggests that the waiver provisions of I.C. § 1–1103 are applicable here since appellant failed to object to the local practice of not recording final argument. The statute places no obligation on a party to request recording. Only where the record clearly demonstrates counsel's waiver of recording and the consent of the trial judge thereto may the mandatory requirements of I.C. § 1–1103 be deemed to have been waived.

The importance and significance of judicial records was established and emphasized by this Court in *Ebersole.* District courts, as courts of record, speak only through their records. *Farmer v. Loofbourrow,* 75 Idaho 88, 267 P.2d 113 (1954); *Jackson v. State,* 87 Idaho 267, 392 P.2d 695 (1964); *Pacific Finance Corp. of Calif. v. LaMonte,* 64 Idaho 438, 133 P.2d 921 (1943). See also *Herren v. People,* 147 Colo. 442, 363 P.2d 1044 (1961). We take judicial notice that in several jurisdictions local practice permits courts to avoid the mandate of I.C. § 1–1103. Local practice cannot be allowed to supersede the dictates of the statute. *Ebersole v. State,* 91 Idaho 630, 428 P.2d 947 (1967); *Parrott v. United States,* 314 F.2d 46 (10th Cir. 1963); *Fowler v. United States,* 310 F.2d 66 (5th Cir. 1962). The requirement of I.C. § 1–1103 is mandatory and may be effectuated by stenographic or mechanical recording but court minutes or summaries are insufficient.

Appellant here argues that the failure to record closing arguments has denied him the protections of the due process clauses of the constitutions of the United States and the State of Idaho, is prejudicial and resulted in lack of fundamental fairness reaching constitutional dimensions. We do not agree that the failure to record closing argument is *per se* a denial of due process. Error in the abstract does not necessarily rise to the level of constitutional dimensions unless and until a defendant properly presents specific prejudice resulting from such error.

As stated in *Brown v. United States,* 314 F.2d 293 (9th Cir. 1963):

" . . . we would think failure to record counsel's summation, without more, though error 'is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.' " (Quoting *Hill v. United States* 368 U.S. 424, 82 S.Ct. 468, 7 L. Ed.2d 417 [1962].)

Here, appellant contends prejudicial error was committed in references to Wright's refusal to give his name at the time of arrest and his request for an attorney. Those references were contained in Officer Rossiter's testimony in which he described the circumstances surrounding apprehension and arrest of appellant. No objection was taken thereto. It is a long established principle of this Court that, with limited exception, error at trial must be the subject of proper objection to merit review upon appeal. *Annau v. Schutte,* 96 Idaho 704, 535 P.2d 1095 (1975); *State v. Thomas,* 94 Idaho 430, 489 P.2d 1310 (1971); *State v. Stevens,* 93 Idaho 48, 454 P.2d 945 (1969); *State v. Aims,* 80 Idaho 146, 326 P.2d 998 (1958); and earlier cases cited therein. See also, *Johnson v. United States,* 361 F.2d 447 (9th Cir. 1966); cert. denied, 385 U.S. 976, 87 S.Ct. 516, 17 L.Ed. 2d 439.

We have recognized an exception to that principle in *State v. Haggard,* 94 Idaho 249, 486 P.2d 260 (1971) in a situation involving "fundamental error." We do not agree that the instant case falls within that exception. In all of the cases cited by appellant prosecution comments were in regard to the failure of the defendant to testify in his own behalf or his failure to make exculpatory statements prior to the time of trial. *Haggard* dealt with cross-examination of a defendant without objection regarding the defendant's failure to present alibi testimony. See also, *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653 (1964); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In the instant case no reference was made to appellant's silence at trial nor his failure to provide an exculpatory explanation at the time of his arrest. Officer Rossiter in his testimony explained the circumstances surrounding appellant's apprehension and arrest and read to the jury the same warnings that he had read to the appellant and added that the defendant refused to identify himself and sought the advice of counsel. We hold that in the context of that testimony a jury could not reasonably draw an inference of guilt. The admission of such testimony does not present fundamental error. *Fagundes v. United States,* 340 F.2d 673 (1st Cir. 1965).

 Even assuming that the error alleged of non-reporting is of constitutional dimensions there is no showing of resulting prejudice. Not all constitutional error is harmful or prejudicial. *Chapman v. California, supra.* Although the U. S. Supreme Court has held that the Fifth Amendment precludes comment or argument concerning a defendant's silence in a criminal trial, *Stewart v. United States,* 366 U.S. 1, 81 S.Ct. 941, 6 L.Ed.2d 84 (1961); *Griffin v. California, supra*; and

*Chapman v. California, supra,* that rule is interpreted in the light of reason:

> " . . . the test is whether the language used was manifestly intended or was of such character that the jury would *naturally and necessarily* take it to be a comment on the failure of the accused to testify." *Knowles v. United States,* 224 F.2d 168 (10th Cir. 1955). See also *United States v. Fay,* 349 F.2d 957 (2nd Cir. 1965); *United States v. Wright,* 309 F.2d 735 (7th Cir. 1962).

This Court has held the test must be satisfied by an appellant carrying the initial burden of showing prejudice. *State v. Polson,* 92 Idaho 615, 448 P.2d 229 (1968); *State v. Peterson,* 87 Idaho 147, 391 P.2d 846 (1964); *State v. Marks,* 45 Idaho 92, 260 P. 697 (1927).

Although the U. S. Supreme Court in *Chapman,* and *Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) has attempted to articulate a standard in cases involving "highly prejudicial evidence or comments" we deem that language to be only begging the question. In any event, we hold there is no "reasonable possibility" that the conduct "complained of might have contributed to the conviction."

In a similar set of circumstances in *Addison v. United States,* 317 F.2d 808 (5th Cir. 1963), cert. denied, 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605, stay denied, 376 U.S. 936, 84 S.Ct. 791, 11 L.Ed.2d 657, rehearing denied, 376 U.S. 966, 84 S.Ct. 1121, 11 L.Ed.2d 984, it was stated:

> "In their appeal in this case, although appellants were represented in the trial by six lawyers, one of whom is still representing one of the appellants in this court, the record is silent as to any objection made or any motion of any kind filed with respect to any alleged impropriety during the course of the final arguments of counsel. Nor have the appellants in their original brief filed in this case attempted to state that any in-

flammatory or other improper comments were made by counsel during their summations. Obviously, *even though a failure of the court reporter to report the arguments of counsel were an error per se, such error would not be available to appellants to work a reversal without a showing that it was prejudicial error."* In *United States v. Long,* 419 F.2d 91 (5th Cir. 1969) that court again emphasized the burden on appellant to demonstrate prejudicial error stating:

" . . . While full and explicit compliance with the Act [Court Reporter's Act] would eliminate many problems arising subsequent to trial and its non-observance has been repeatedly discouraged, the rule in this Circuit is established that the failure to record such proceedings is not *per se* reversible error. *Strauss v. United States,* 311 F.2d 926 (5th Cir. 1963); *Addison v. United States,* 317 F.2d 808 (5th Cir. 1963). In *Strauss* and *Addison* the Court clearly stated that to require reversal, *some specific error or prejudice resulting from failure to record such proceedings must be called to the court's attention.* In the present case no such *specific objections or allegations* were made before the trial court or this court. This fact alone destroys appellant's position, *Addison v. United States,* supra at 811, and distinguishes the present case from those in which this court has reversed convictions for failure to record proceedings." [Emphasis added.]

If, as argued by appellant, prejudicial error lies hidden in the unrecorded portions of counsel's closing argument, it is nevertheless not before this Court. Rule 37 of this Court permits augmentation of the trial court record upon motion and the granting of such motions has been liberally permitted by this Court. Here, no such augmentation of the record was requested nor have the briefs or oral argument described the precise nature of the alleged objectionable conduct or comment. Rath-

er, this Court is asked to presume fundamental error from a silent record. The instant case is therefore distinguishable from *Ebersole* and *Martinez* and *Fowler v. United States,* 310 F.2d 66 (5th Cir. 1962).

In *State v. Zaerr,* 110 Ariz. 585, 521 P. 2d 1131 (1974), a similar claim was presented by an appellant and rejected. There, in narrating the circumstances of defendant's arrest a witness testified that after a reading of his constitutional rights a defendant said nothing except that he wanted an attorney. In *Ryder v. State,* 513 P.2d 593 (Okl.Cr.1973) an officer was permitted to testify *over objection* that at the time the defendant therein was arrested he refused to give his name. It was there held that such testimony was not an invasion of defendant's Fifth Amendment rights. Appellant here has pointed to no cases which hold that testimony indicating the refusal of a suspect to identify himself is an invasion of Fifth Amendment rights. This Court, with others, has repeatedly held a defendant may be required to contribute to his identification under a variety of custodial situations. See *State v. Grierson,* 95 Idaho 155, 504 P.2d 1204 (1972); *State v. Bock,* 80 Idaho 296, 328 P.2d 1065 (1958); *State v. Ayres,* 70 Idaho 18, 211 P.2d 142 (1949); *State v. Dunn,* 91 Idaho 870, 434 P.2d 88 (1967). See also, *People v. Ellis,* 65 Cal.2d 529, 55 Cal.Rptr. 385, 421 P.2d 393 (1966); *State v. Lister,* 2 Wash.App. 737, 469 P.2d 597 (1970); *State v. Duckett,* 73 Wash.2d 692, 440 P.2d 485 (1968); *State v. Fisher,* 242 Or. 419, 410 P.2d 216 (1966); 8 Wigmore on Evidence, (McNaughton, rev. 1961) §§ 2263, 2265.

As indicated, appellant would require this Court to indulge a presumption of prejudicial error without any basis therefore and would require extension of the restrictions of *Griffin v. California, supra,* and *Miranda v. Arizona, supra.* We believe such extension would be unwarranted and undesirable.

The conviction is affirmed.

McFADDEN and DONALDSON, JJ., concur.

BAKES, Justice (dissenting):

I cannot agree with the majority that (1) the police officer's testimony that after warning the defendant of his constitutional right to remain silent the defendant refused to give the officer his name, in conjunction with (2) possible reference to this testimony by the prosecuting attorney in his closing argument as evidence of the defendant's guilt, does not constitute fundamental or constitutional error which entitles the defendant to a new trial.

The Supreme Court of the United States, in the landmark decision of *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), said the following regarding reference to an arrestee's exercise of his Fifth Amendment right to remain silent as evidence of his guilt:

> "In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." 384 U. S. at 468, 86 S.Ct. at 1625, footnote 37.

Thus, I think it is clear that allowing into evidence the police officer's response that the appellant refused to tell the officer his name after he had been given the *Miranda* warnings which advised him that he had a right to remain silent was in violation of the appellant's constitutional rights; reference to this silence during the prosecutor's closing argument would necessarily compound this violation of the appellant's rights.

The majority cites two cases to bolster its conclusion that to permit the testimony of an arresting officer to the effect that after the officer had given an arrestee his *Miranda* warnings the arrestee refused to identify himself is not an invasion of the arrestee's Fifth Amendment rights. The majority states that in *State v. Zaerr*, 521 P.2d 1131 (Ariz.1974), a similar claim was presented and rejected. However, that case did not present a similar claim. In *Zaerr* the defendant was accused of murdering his wife's grandparents. During the course of his wife's testimony in which she described what happened when the police were called to her grandparents' home, the defendant's wife said that after the police had informed her and her husband of their *Miranda* rights her husband had said that he wanted to see a lawyer. The prosecuting attorney in his closing argument in that case made no reference to this inadvertent statement. The Supreme Court of Arizona held that, given the context in which the statement was made, a narration by one not a police officer of the events immediately before and immediately after two homicides, the testimony was not a violation of the defendant's right to remain silent. I do not believe that by its decsion in *Zaerr* the Supreme Court of Arizona has overruled its earlier decision approving of the holding of *State v. Villalobos*, 6 Ariz.App. 144, 430 P.2d 723 (1967), that the use of a police officer's testimony concerning an admission by silence during custodial arrest for the purpose of proving guilt violates the self-incrimination privilege, *State v. McAlvain*, 104 Ariz. 445, 454 P.2d 987 (1969), *cert. denied,* 396 U.S. 1023, 90 S.Ct. 597, 24 L.Ed.2d 516 (1970), and that the state may not comment upon admissions by silence which occur while an arrestee is in custody, *State v. Simoneau*, 98 Ariz. 2, 401 P.2d 404 (1965).

The other case which the majority cites, *Ryder v. State*, 513 P.2d 593 (Okl.Cr.1973), did indeed hold that it was not error to permit a police officer to testify over objection that at the time the defendant was arrested the defendant refused to give the officer his name. However, the Oklahoma court reaches this decision without citation of authority and without reference to the requirements of *Miranda*. I believe that *Ryder* sets forth a minority rule which cannot be reconciled with the requirements

of *Miranda.* Furthermore, neither *Ryder* nor *Zaerr* is apposite to this case because there is no indication in either of them that in his closing argument the prosecuting attorney drew the jury's attention to the defendant's silence.

With regard to the alleged prejudicial comment of the prosecutor in his closing argument, the majority states, *ante* at page 67, that:

> "If, as argued by appellant, prejudicial error lies hidden in the unrecorded portions of counsel's closing argument, it is nevertheless not before this Court. Rule 37 of this Court permits augmentation of the trial court record upon motion and the granting of such motions has been liberally permitted by this Court. Here, no such augmentation of the record was requested nor have the briefs or oral argument described the precise nature of the alleged objectionable conduct or comment."

The appellant here argued that the prosecuting attorney made improper references during his closing argument to the fact that the appellant exercised his constitutional right to remain silent. The prosecuting attorney's closing argument was never recorded by the court reporter, so of course the defendant cannot augment the record with that argument. The majority has found that failure to record to be error. Yet the majority cites the appellant's failure to augment the record to show the error, which of course it is impossible for the appellant to do, as one of the reasons why it will not consider whether such a reference would be prejudicial error. Furthermore, the majority says that the nature of the objectionable comment was not described in the briefs. I do not agree with that statement. On page 3 of his brief the appellant states the following:

> "Appellant's reliance upon his Fifth Amendment rights was again emphasized in the state's closing argument without objection."

This surely apprises the Court of "the precise nature of the alleged objectionable conduct or comment." Thus, I can accept neither of the majority's rationales for concluding that comment during the closing argument would not itself constitute prejudicial error.

When this Court is unable to review the proceedings of the lower court because, in violation of the statutes of this state, the record of those proceedings was not properly taken and preserved, and due to the record's deficiencies we are unable to determine whether a defendant's judgment of conviction has been obtained in a proceeding tainted with fundamental error, then we must apply the rule of *Ebersole v. State,* 91 Idaho 630, 428 P.2d 947 (1967), where we stated:

> "Appellant's dilemma was not of his own making. The statutory provisions requiring the recording of oral proceedings by the court reporter . . . are fairly designed . . . to protect a defendant from the very situation now before this Court.
>
> . . . . . .
>
> "When there is such a breakdown in the application of established procedures, as is reflected by this record, which necessitated resort to the parol evidence of court officials and of the appellant himself to establish what took place in a court of record, there is such a lack of fundamental fairness and deviation from established rules of procedure as to necessitate the conclusion that appellant has not been afforded the protection of the due process clauses of the Constitutions of the United States and this State." 91 Idaho at 636, 428 P.2d at 953.

*Ebersole's* requirements are clear—when no record of certain proceedings before the district court is available, but had a record been available it might have substantiated the defendant's allegation that there was prejudicial error in those proceedings, a judgment of conviction based upon proceedings cannot be sustained; otherwise,

the defendant has been denied due process in violation of the Constitution of the United States and of the State of Idaho.

In essence the rule of *Ebersole* is that in this case we must reach our decision as if the record shows, as the appellant alleges in his brief, that the prosecuting attorney in his closing argument referred to the appellant's exercise of his Fifth Amendment right to remain silent as evidence of his guilt. To do otherwise would deny him due process of law. In this circumstance, I would adopt the holding of the Tenth Circuit in *United States v. Nolan*, 416 F.2d 588 (1969), which said the following in connection with this matter:

> "We see no difference in principle in the exercise by the defendant of his constitutional right not to testify and his constitutional right to remain silent and refrain from making either an inculpatory or exculpatory statement to the officers when taken into custody for a federal offense. In either case, the comment [by the prosecutor that the defendant's failure to make exculpatory statements to the arresting officer was evidence of his guilt] would greatly impair such privilege and penalize the exercise thereof. Apposite is the language of the Supreme Court in *Griffin v. California*, 380 U.S. 609, at page 614, 85 S.Ct. 1229, at page 1233 [14 L.Ed.2d 106]: 'It is a penalty imposed * * * for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly.'

> "We think the error committed was so plain, fundamental, and serious that we should consider it, although timely objection was not made thereto in the trial court." 416 F.2d at 594 (footnote omitted).

The state courts of Colorado and Kansas have reached similar decisions. *People v. Mingo*, 509 P.2d 800, 181 Colo. 390 (1973); *State v. Ritson*, 210 Kan. 760, 504 P.2d 605 (1972). I believe these to be the better reasoned cases and would hold that the admission of the testimony in question and the prosecutor's comment upon the testimony was fundamental error. Therefore, I would vacate the judgment of conviction and remand for a new trial.

McQUADE, C. J., concurs.