624 P.2d 949

The STATE of Idaho, Plaintiff-Respondent,

v.

Mark Dwayne STRADLEY, Defendant-Appellant.

No. 13415.

Supreme Court of Idaho.

March 6, 1981.

**42**

Mark. D. Stradley, pro se.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

On December 11, 1978, after a jury trial, defendant-appellant Mark Stradley was convicted of second degree burglary. His attorney waived the right to have closing arguments recorded. He was sentenced to a five year indeterminate term in the penitentiary with the court retaining jurisdiction for 120 days pursuant to I.C. § 19–2601(4). On March 9, 1979, the court extended its retained jurisdiction over Stradley for an additional 60 days. On June 6, 1979, the court entered an order waiving jurisdiction, and Stradley timely filed a pro se appeal[1] which he has pursued pro se.

Stradley advances two assignments of error. First, he argues that his attorney could not have properly waived recordation of closing arguments when Stradley did not give his informed consent to such a waiver. Secondly, he alleges that prosecutorial misconduct during closing arguments entitles him to a new trial.

I.C. § 1–1103 provides that a court reporter "shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court, but the parties may, with the consent of the judge, waive the recording by such reporter of any part of the proceedings or testimony."

■ Stradley's argument is precluded by a recent holding of this Court that "where the record clearly demonstrates counsel's waiver of recording and the consent of the trial judge thereto ... the mandatory requirements of I.C. § 1–1103 [may] be deemed to have been waived." *State v. Wright*, 97 Idaho 229, 231, 542 P.2d 63, 65 (1975). The following colloquy took place prior to closing arguments in this case:

"COURT: One other thing. Counsel, do you wish to have the final arguments taken by the reporter in this case, or is that a matter that you wish to waive?

"MR. DEMEYER: We would waive that.

"MR. JONES: State would also, Your Honor.

"COURT: Very well."

This unquestionably demonstrates a waiver by counsel and the consent of the judge thereto.

■ Stradley argues, however, that counsel's waiver is not binding upon him without his having given his informed consent thereto.[2] He urges that at the time of his

---

1. I.A.R. 14(a) provides that the time for taking an appeal is tolled during the period of retained jurisdiction.

2. Stradley cites a number of cases in support of the proposition that a client's informed consent must be obtained prior to waiver of the right to record all parts of a trial. These cases, how-

ever, involved either the federal Court Reporter Act, 28 U.S.C.A. § 753 (1970), which requires recordation of all criminal trials and makes no provision for waiving the requirement, or circumstances where there was no recordation *and no* waiver. They are thus not instructive here.

counsel's waiver, he, Stradley, had no knowledge of his right to have closing arguments recorded, or the possible effect of waiving that right.

On direct appeal, we do not see Stradley's lack of knowledge as sufficient to vitiate his counsel's waiver, particularly where the statute creating the right also allows such a waiver. Although counsel representing a defendant may not waive a "fundamental" right of a client without the client's informed consent, *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), it has previously been held that in Idaho there is no "fundamental" right to have closing arguments recorded. *State v. Wright, supra. But see* dissent of Bakes, J., in *State v. Wright.* Stradley, on this appeal from the judgment, has produced nothing which suggests that his counsel acted improperly or for improper reasons when he waived recordation of closing arguments, *see e. g., People v. Johnson*, 26 Cal.3d 557, 162 Cal.Rptr. 431, 606 P.2d 738 (Cal.1980), and we will not indulge in a presumption that an attorney was acting against the interests of his client in the absence of a showing to that effect, which ordinarily can be best established in proceedings for post-conviction relief.

 Stradley's assertion of prosecutorial misconduct during closing arguments is not supported by the record. Since recordation of the arguments was waived, there is no basis other than Stradley's bare assertions upon which to predicate a holding that misconduct occurred. We may not presume error from a silent record.[3] *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976).

The judgment is affirmed.

BAKES, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

---

3. We note that Stradley's counsel entered no objection to the prosecutor's closing arguments. Had he done so, as the older practitioners may remember, the trial court in all likelihood would have stopped argument long enough to make up a record—even summoning the reporter if not then in the courtroom.