IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37161

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 343 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GEORGE A. WILKINS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge. Hon. John Hawley, Magistrate.

Order of the district court affirming the magistrate's judgment of conviction, affirmed.

George A. Wilkins, Kuna, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

George A. Wilkins appeals the district court's order affirming the judgment of conviction for driving under the influence of alcohol, Idaho Code § 18-8004, rendered on a jury verdict in the magistrate court. Wilkins alleges reversible error due to missing hearing transcripts and on the ground that the State failed to provide exculpatory evidence prior to trial. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On July 4, 2007, Wilkins was arrested for driving under the influence of alcohol, I.C. § 18-8004. A jury trial was set for October 2007, but was continued by stipulation of the parties. Wilkins proceeded pro se when his attorney withdrew. A hearing on defense motions to dismiss and suppress was held on March 18, 2008. On April 15, 2009, one day before the jury trial, Wilkins filed a motion to dismiss because the magistrate clerk had not recorded the hearing from March 18, 2008. This motion was denied, and the jury convicted Wilkins of driving under the

1

influence. On June 2, 2008, the day scheduled for sentencing, Wilkins filed a motion to dismiss/mistrial, alleging error because the March 18, 2008, hearing was not recorded and the State had failed to provide Wilkins with a copy of a recording that the officer made on the day Wilkins was arrested. Also on June 2, 2008, the magistrate held a hearing on Wilkins' motion, denied the motion, and separately held a sentencing hearing, and entered a judgment of conviction. On July 14, 2008, Wilkins filed a notice of appeal to the district court. The district court affirmed the magistrate. Wilkins appeals.

## II.

## DISCUSSION

Wilkins argues two points of error that require reversal of his judgment of conviction: (1) transcripts are unavailable for the hearing on March 18, 2008, and from the proceedings on June 2, 2008; and (2) the audio recording of the stop on July 4, 2007, was not produced to Wilkins.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

### A.    Missing Transcript

Wilkins argues his right to appeal has been jeopardized because certain hearing transcripts could not be produced. A defendant in a criminal case has a due process right to a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below. *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002). Idaho Criminal Rule 12(g) states: "A verbatim record shall be made of all proceeding at the hearings including such findings of fact and conclusions of law as are made orally." However, I.C.R. 52 states: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The inability to provide a transcript of an oral proceeding below does not automatically mandate reversal. *State v. Polson*, 92 Idaho 615, 620-21, 448 P.2d 229, 234-35

2

(1968). The lack of a complete transcript must prejudice the defendant's ability to pursue the appeal. *Id*. at 621, 448 P.2d at 235. The *Polson* Court held that the defendant had not alleged prejudice because he did not contend error had occurred during the hearing nor had he presented evidence, such as an affidavit based on his recollection, of what had transpired for the unrecorded portion of the hearing. *Id*. at 620-21, 448 P.2d at 234-35. A reviewing court will not presume error from a silent record. *State v. Wright*, 97 Idaho 229, 233, 542 P.2d 63, 67 (1975).

Wilkins has presented no evidence or argument outlining any error which occurred at any hearing for which the transcript is unavailable. He has made no allegation of prejudice other than a bare assertion that failure to provide a transcript is itself error. Further, the record before this Court demonstrates that the two transcripts from June 2, 2008, exist and are included in the exhibits. An order from the district court explains that only one of the transcripts from June 2, 2008, was originally included in the record for the appeal to the district court. It was discovered that there was a second recording which was transcribed and included in the record before the district court, and both are present in the record before this Court. The district court found no recording existed for the March 18, 2008, hearing. Nevertheless, Wilkins has shown no prejudice and, thus, any error from the lack of the transcript for the hearing on March 18, 2008, does not require reversal.

## B.    Audio Recordings

Wilkins contends that the arresting officer testified at trial that he had made an audio recording of the stop on July 4, 2007, but the officer was unable to upload the recording. Wilkins claims the existence of this recording was not disclosed to him during discovery. Wilkins argues that the State was obligated to provide this evidence pursuant to I.C.R. 16(a)-(b), which requires the prosecutor to disclose exculpatory evidence and evidence requested by the defendant. Wilkins alleges that the recording would prove that he could speak clearly and impeach the officer's testimony that Wilkins' speech was slurred. Wilkins also asserts that he is entitled to reversal pursuant to I.C. § 18-2603, which criminalized the destruction, alteration, or concealment of evidence.

Wilkins presented this argument to the magistrate in his motion to dismiss/mistrial filed on June 2, 2008. The jury convicted Wilkins after a trial on April 16, 2008. The magistrate denied Wilkins' motion as untimely under I.C.R. 29. On appeal to the district court, the court

3

reviewed Wilkins' claim as either a motion for acquittal or a motion for a mistrial, and rejected both as untimely. Wilkins does not directly dispute that his motion was untimely.

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. When the jury returns a verdict of guilty, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged, or within such further time as the court may fix during the fourteen-day period. I.C.R. 29(c). It is undisputed that the motion, if considered a motion for acquittal, was untimely under I.C.R. 29.

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart,* 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983). Idaho Criminal Rule 29.1 states: "At any time during a trial, the court may declare a mistrial and order a new trial of the indictment, information or complaint . . . ." A motion for mistrial that is filed after the jury has returned the verdict is appropriately denied as untimely. *State v. Jaco*, 130 Idaho 870, 875, 949 P.2d 1077, 1082 (Ct. App. 1997).

Wilkins asserts in his briefing that he became aware of the missing recording at the time of trial during the officer's testimony. Wilkins does not claim that he lodged an objection during the trial upon learning of the information. The record on appeal does not contain the trial transcript and, thus, the extent of any cross-examination regarding the recording or any recorded events is not before us. Wilkins presents no argument that he was prevented from timely

4

requesting relief. Wilkins' motion for a mistrial, that was filed forty-seven days after the trial, was not timely under I.C.R. 29.1.

**III.**

**CONCLUSION**

Wilkins has failed to demonstrate reversible error in regard to either the unrecorded hearing or the audio recording. The district court's order affirming the magistrate's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**