[No. 40524.    Department One.    September 18, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY D. JOHNSEN, *Appellant.** 

*Andrew L. Garnes,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

HILL, J.—The appellant, Gregory D. Johnsen, was convicted of assault in the second degree arising from injuries inflicted upon Michelle Ann Kammiller, the 18-month-old daughter of Kathleen Kammiller. He was sentenced to 10 years' imprisonment and fined $1,000. His sole contention on this appeal is that the evidence is insufficient to support the conviction.

Beginning in September 1967, Kathleen Kammiller, Michelle, and the appellant occupied an apartment together in Tacoma. This continued until the arrest of the appellant on the assault charge, October 16, 1967.

As the appellant and Miss Kammiller both worked, Michelle was usually left during the day with a baby sitter. On October 16, 1967, the appellant did not go to work and had charge of the child all day. When Miss Kammiller returned from work, she found that the child had sustained injuries to her nose and mouth. The appellant claimed that these injuries occurred when he had to stop his car suddenly to

*Reported in 458 P.2d 887.

avoid hitting a dog, and Michelle, who was lying on the back seat, landed on her face between the seats. Miss Kammiller also found numerous bruises and small burns on the child.[1] At about 5 or 5:30 p.m., Michelle was taken to Dr. George R. Batey. The child's condition was explained to him on the basis of the appellant's story of her fall off the back seat of the car. The child was crying at the time, and his concern was relative to a head injury. After making certain tests he came to the conclusion that there was no brain damage and that the only injuries were to nose and mouth, except for the burn on her right arm and shoulder which he had previously dressed. He took no X rays, but prescribed some "baby" aspirin and permitted the child to be taken home.

Two or three hours later the child seemed ill and Miss Kammiller wanted to take her to the Mary Bridge Children's Hospital. The appellant refused to assist her, but friends in the apartment house did. At the hospital, Michelle was treated by Dr. Joseph O. Lasby, who also was told the story of the fall off the back seat of the car. His first concern was with the nose and face injuries.[2] It was not until he undressed the child for the purpose of taking X rays that the multitudinous bruises and small burns[3] became apparent. He then called the police.

The many pictures taken at the hospital that night of the small burns and bruises on various parts of her body bear mute witness to some sadistic saturnalia. They disclose

---

[1] These burns were circular in shape and are to be distinguished from a serious burn on her right arm and shoulder, a consequence of a fire in a mattress caused by a cigarette butt. This burn had been sustained quite late on October 6 and had been dressed by Dr. Lasby in the early morning of October 7, and by Dr. Batey on October 10. There is no indication of other burns on those dates.

[2] Dr. Lasby testified that the facial injuries supposedly caused by the fall from the back seat to the floor of the car had more the appearance of being caused by a blow than a fall, as a fall would have caused injury over a larger area.

[3] These burns were small and circular apparently made by lighted cigarettes; there were 10 or 20 of them scattered over various parts of her body, two very recent ones in the vaginal area.

among the injuries an apparent bite made by a human mouth on the upper portion of the inner left thigh.

The appellant did not testify. He urges on this appeal that there is no direct evidence that he was the one who inflicted the injuries on the child, and that the state's case is based entirely upon circumstantial evidence. He contends further that there is a break in the chain of circumstantial evidence because of the differences in the testimony of the two doctors who examined Michelle within a few hours of each other on October 16. Dr. Batey who examined the child early in the evening did not see the bruises and small burns which were seen by Dr. Lasby who examined her later in the evening. From this, the appellant argues that the injuries must have occurred in the short time between the two examinations during which time he was not alone with the child, and that therefore someone else must have inflicted the injuries.

The argument is a complete non sequitur, because the undisputed evidence established that, while the pictured bruises and burns were recent, they had not occurred within a matter of hours.

The testimony of Dr. Lasby was that the bruises and burns on the child's body had all been recently inflicted, *i.e.*, within a week of the examination at the Mary Bridge Hospital. To an inquiry whether there were any that were more recent than a week, the doctor described two that had occurred within 24 to 48 hours. He testified that the bite to which we have referred would have been inflicted within 2 to 4 days.

There was no testimony of injuries inflicted in the few hours between Dr. Batey's examination and Dr. Lasby's. Dr. Batey never testified that the bruises and burns found by Dr. Lasby were not there at the time of his (Dr. Batey's) examination. His testimony was that he did not see them.

Moreover, and in justice to Dr. Batey, it should be pointed out that he had been told the appellant's story of a fall from the back seat of the car, and it was the swollen

nose and mouth that concerned him together with the possibility of a head injury. From his examination, he concluded that there was no brain damage. He took no X rays. It was not until Dr. Lasby undressed the child to take X rays that the bruises and burns became apparent to him.

■ The appellant urges that the evidence was all circumstantial. From the very nature of the type of injuries inflicted, the evidence has to be circumstantial. Seldom does anyone abuse a child as Michelle Kammiller was abused at a time and in a place where there could be direct evidence against him. The child's recently developed fear of appellant and her unwillingness to be near him are quite significant. Whether the circumstantial evidence excludes beyond a reasonable doubt every reasonable hypothesis other than guilt was a jury question. *State v. Lounsbery*, 74 Wn.2d 659, 445 P.2d 1017 (1968); *State v. Courville*, 63 Wn.2d 498, 387 P.2d 938 (1963).

There was ample evidence to sustain the verdict, and the judgment and sentence is affirmed.

HUNTER, C. J., HAMILTON and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.

---

October 21, 1969. Petition for rehearing denied.