[No. 40900.     En Banc.     April 30, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ORLANDO E. BAUMAN, *Appellant.**

*Stanley D. Taylor* (of *Peterson, Taylor & Day*) for appellant (appointed counsel for appeal).

*C. J. Rabideau* and *Laurence S. Moore*, for respondent.

ROSELLINI, J.—The defendant was charged with second-degree murder and found guilty by a jury. The evidence tended to show that he called the police at about 3 a.m. on July 4, 1968. When the police arrived, they found a woman badly beaten about the head, lying on a sofa in the 2-room cabin occupied by the defendant. The floor was wet, and there were blood stains on various objects, strands of hair, and a wet mop. A light fixture in the bedroom had been broken. The clock attached to it had stopped at about

*Reported in 468 P.2d 684.

8:30 o'clock. A blood-stained shirt was found and a pair of man's shorts with blood on them. The condition of the woman indicated that she was placed on the sofa after she died.

When questioned about the occurrence, the defendant told police he had been asleep on the bed and that a Negro man had come to the door, that the woman (who had been living with the defendant) had gone to the door, and that the defendant had leaped out the bedroom window in fear. He stayed in a nearby field a long time, and when he returned he found the woman lying on the floor. He picked her up and laid her on the couch and started washing the blood off her body; then he became aware that she was probably dead. A short time after, he said, he called the police.

At the trial, the prosecution presented evidence to discredit the defendant's statements to the police (particularly evidence that no one had gone through the window), and evidence that the defendant had changed his clothes before the police arrived, and that the clothes he had been wearing before had been stained or spattered with blood. There was also evidence that the light fixture had been broken at a time much earlier than the defendant stated and in a different manner. There was also evidence of motive, recent animosity between the parties, and the fact that the deceased was last seen alive in the company of the defendant on the evening before the death.

During the course of the trial, the court indicated in chambers that if the defendant took the stand and testified that he was a man of nonviolent nature, it would permit the prosecution to cross-examine him about an altercation with a third party, which resulted in a civil suit for assault. The court stated, however, that it would permit questioning on cross-examination only about the facts of the incident and would not permit the fact of the civil litigation to be brought out. After the defendant was told of this ruling, he decided not to take the stand in his own defense.

The defendant urges that this preliminary ruling was erroneous and that it effectively deprived him of his right

to take the stand. We need not consider whether the threat of an erroneous ruling justifies a defendant in refusing to take the stand and claiming on appeal that he was denied a fair trial. We are of the opinion that the trial court correctly understood and applied the law when it gave its anticipatory ruling concerning the kind of cross-examination it would permit if the defendant should testify that he was not a violent man.

█ The defendant cites *State v. Emmanuel*, 42 Wn.2d 1, 253 P.2d 386 (1953), for the proposition that a witness may not be impeached by showing prior acts of misconduct. While this general rule is stated in that opinion, this court went on to say, at page 14:

> Notwithstanding what has just been said, if a defendant puts his prior conduct into issue by testifying as to his own past good behavior, he may be cross-examined as to specific acts of misconduct unrelated to the crime charged.

This is the law applicable here. The trial court ruled that if the defendant should take the stand and testify concerning his own prior good conduct, the prosecution would be permitted to question him on cross-examination about a specific act of bad conduct. Obviously the defendant was not prevented from taking the stand by this tentative ruling. He could have testified about the events of the night of the crime and those leading up to it, without any fear of having this prior act of violence brought out on cross-examination. Only if he chose to assert that he was a nonviolent person would that subject be opened up. Had he taken the stand and so testified, the cross-examination, limited as it would have been under the trial court's preliminary ruling, would have been proper. Thus the trial court did not commit error.

A second assignment of error concerns the admission of certain items of evidence taken from the house in which the assault was committed. The prosecution's expert witness testified that some of these items exhibited blood stains and strands of human hair. The expert was unable to testify that the blood or the hair came from the body of the

victim. For this reason, the defendant urges, the evidence was incompetent. He has cited no authority so holding.

■ The fact that a witness may not be able to positively identify a piece of evidence goes only to the weight of his testimony and not to its admissibility. *State v. Duree,* 52 Wn.2d 324, 324 P.2d 1074 (1958). The expert's inability to say that the blood and hair came from the body of the victim was a matter to be argued to the jury and not a ground for excluding the evidence.

A third contention of the defendant is that the court erred in requiring him to put on a shirt found at the scene of the crime and exhibit himself to the jury. He asserted that this ruling ,violated his privilege against self-incrimination.

■ This court is committed to the proposition that the privilege against self-incrimination, as provided by the United States Constitution and the constitution of this state, is a privilege to refrain from giving evidence of a testimonial or communicative nature and is not a privilege to refuse to give evidence of a real or physical nature. *State v. Duckett,* 73 Wn.2d 692, 440 P.2d 485 (1968); *State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967). In *Holt v. United States,* 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2 (1910), the United States Supreme Court held that testimony that the accused had put on a garment and it fitted him was admissible, and that the privilege against self-incrimination was not violated.

The defendant seeks to distinguish such cases on the ground that the act of the accused in putting on the garment was done outside the courtroom. We fail to see any ground for the distinction. Whether the defendant exhibits himself in the courtroom or outside the courtroom, the significant fact—that the garment fitted him—reaches the jury. This was proper.

Finally it is maintained that the evidence was insufficient to sustain the verdict. It would serve no useful purpose to review the evidence here. It is true that it was largely circumstantial but there was in addition the improbable if not impossible alibi offered by the defendant. The evidence

showed that the defendant had dominion over the premises in which the assault occurred, that he had a motive and opportunity, and that the clothes which he was probably wearing were covered with blood and were later changed. Also, there was the showing that an attempt had been made to mop up the blood before the police arrived, that the crime probably occurred earlier in the evening than the defendant said, and that there were no circumstances or physical conditions corroborating the defendant's version of the evening's events. Thus the jury could find that the evidence was consistent with a theory of guilt and inconsistent with any reasonable theory of innocence.

■ Circumstantial evidence alone will support a criminal conviction. Whether the circumstantial evidence excludes beyond a reasonable doubt every reasonable hypothesis other than the defendant's guilt is a jury question. *State v. Johnsen,* 76 Wn.2d 755, 458 P.2d 887 (1969).

The judgment is affirmed.

HUNTER, C. J., FINLEY, WEAVER, HAMILTON, HALE, NEILL, and STAFFORD, JJ., and HILL, J. Pro Tem., concur.