[No. 613-41220-1.    Division One—Panel 1.    January 18, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN W. Mc-LEAN, *Appellant.*

*Walthew, Warner & Keefe* and *Frank J. Conway,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

FARRIS, A. C. J.—John W. McLean was tried by jury for the crime of negligent homicide. He appeals from a judgment and sentence entered on a verdict of guilty.

Mr. McLean remembers his early evening activities which included drinking beer and playing pool with the deceased—his cousin—Richard L. Goodman. They left a tavern shortly before its 2 a.m. closing time. He remembers nothing from that point until he was hospitalized following a 1-car accident around 2 a.m. His automobile, driven at a high rate of speed, failed to negotiate a curve, left the roadway and struck a telephone pole. His cousin was thrown out and pinned underneath. Mr. McLean was found in the car, unconscious, with a head injury. The appeal raises the issue of whether there was sufficient evidence to submit the case to the jury.

To convict, the jury was required to find beyond a reasonable doubt that the defendant was driving the vehicle while under the influence of, or affected by intoxicating liquor or narcotic drugs, or that the defendant was operating the vehicle in a reckless manner or with disregard for the safety of others and that as a result of the accident which occurred while defendant was so driving, Mr. Goodman died within 1 year as a proximate result of injuries received in the accident.

■■ If there is substantial evidence to prove each element of negligent homicide, even though the evidence may be conflicting and reasonable minds might draw different conclusions from it, the case must go to the jury. *See State v. Reynolds,* 51 Wn.2d 830, 322 P.2d 356 (1958), *State v. White,* 74 Wn.2d 386, 444 P.2d 661 (1968).

Our review is limited to whether the state provided substantial evidence tending to establish circumstances from which the jury could logically and reasonably deduce all of the elements of the crime. The evidence must establish an unbroken chain of circumstances proving the elements of

the crime to the exclusion of any other hypothesis. We do not weigh the evidence. Whether the evidence excludes beyond a reasonable doubt every reasonable hypothesis other than defendant's guilt is a determination for the jury. *State v. Bauman*, 77 Wn.2d 938, 468 P.2d 684 (1970).

The automobile belonged to the defendant and his attitude toward the vehicle was that it was his car and he did not want anybody driving it although the deceased drove it occasionally. Mr. Goodman was thrown from the automobile and pinned under its right side. A jack was required to free his body. He was dead when the state trooper arrived to investigate the accident. The appellant was across the front seat, his feet were under the steering wheel, his abdomen was between the bucket seats and the upper part of his body was in the passenger seat. Windows were broken on the right (passenger side) and windows on the driver's side were intact.

A witness testified that the car passed him traveling in the opposite direction at a high rate of speed at around 2 a.m. and that it became airborne before it came to rest. He proceeded on to make a telephone call for assistance and then returned to the scene.

The defendant testified that he had consumed two 11-oz. bottles and two or three glasses of beer during the course of the evening.

The primary question is who was driving the automobile. The position of bodies following an impact is not conclusive on the question of where those bodies were prior to impact. Here the nature of the impact, the interval of time between impact and discovery of the bodies, and the evidence of the stresses to which the car was subjected coupled with the position of the bodies, were the established circumstances. This was sufficient evidence to submit to the jury the question of who was driving. We also find sufficient evidence to submit to the jury the questions of whether the accident was the cause of death and whether the defendant operated the vehicle while under the influence of alcohol or in a reckless manner or with disregard of the safety of others.

Under proper instructions, the jury returned a verdict of guilty. There was substantial evidence to sustain the verdict.

Affirmed.

JAMES and SWANSON, JJ., concur.