THE STATE OF WASHINGTON, *Respondent*, v. AUSSEY HALL, JR., *Appellant*.

*Morris H. Rosenberg*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Michael P. Ruark, Deputy*, for respondent.

DENNY, J.*—Appellant was charged by information with the crime of assault in the first degree. A jury found him not guilty of that charge, but convicted him of second-degree assault as a lesser and included offense. The jury also

_____
*Judge Charles R. Denny is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

answered affirmatively an interrogatory on whether appellant was armed with a deadly weapon at the time of the assault.

Appellant makes two assignments of error, one of which attacks the sufficiency of the evidence to justify the verdict. Respondent emphasizes the fact that appellant at no time during the trial attacked the sufficiency of the evidence by appropriate motion at the conclusion of the State's case, at the end of the trial, by post-trial motion for arrest of judgment or new trial. Since we find the evidence ample to sustain the verdict, we express no opinion on the State's contention and pass to a consideration of the merits of appellant's contention that the evidence was not sufficient to carry the case to the jury.

■ We view the evidence in the light most favorable to the State, as we must in determining this issue. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971), and cases therein cited. The jury was entitled to believe the following.

After a night of drinking wine, appellant and a woman named Mattie Pete arrived at the apartment of Charlie Carter, a friend of appellant. Carter left them in the apartment alone when he left to mow a lawn. Defendant and Mattie Pete continued to indulge in drinking wine. When Carter returned, he found Mattie Pete on his bed covered with blood. She managed to get up and leave the apartment, but she collapsed a few doors from the apartment house. Appellant was seen on the other side of the street with blood on his shirt. Police officers arrived at the apartment, observed dried blood on the bed pillow, a pool of blood at the head of the bed, blood on the floor, an empty wine bottle, and a lead pipe smeared with a small amount of blood, and no indication of a struggle in the apartment.

Appellant testified he went to Carter's apartment with Ms. Pete, imbibed in some wine, went to sleep on the bed, was awakened by being struck on the head with a pipe by Mattie Pete, and he then hurled her across the bed into the corner of the room in order to protect himself.

622

Ms. Pete sustained two skull fractures, fractures of hand and arm, and bruises on her leg and shoulder. A doctor opined that she had been injured by a blunt instrument. Ms. Pete was severely injured and was unable to speak except in monosyllables at the time of trial 2 months after the incident. She was unable to testify at the trial.

The jury was warranted in believing that appellant and the victim were together at Carter's apartment on the morning of the event. Moreover, the presence of blood, the evidence of infliction of several blows by a blunt instrument which was found in the apartment, and the admission of appellant that an act of violence occurred between him and Ms. Pete are all circumstances which point to appellant as the perpetrator of the violence.

It is true that Carter first testified that he encountered Ms. Pete as she left his apartment. This discrepancy from his later testimony, that he found her on the bed in his apartment upon his return from the mowing job, presented a matter for the jury's consideration. The discrepancy does not require us to hold that the evidence was not substantial.

Circumstantial evidence must be consistent with guilt and inconsistent with innocence, but the jury is the judge of whether or not the evidence meets this test. The court does not weigh the evidence to determine if every reasonable hypothesis of innocence has been excluded. *State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969); *State v. McLean*, 4 Wn. App. 118, 479 P.2d 552 (1971).

Substantial evidence is defined as evidence of a kind and quantity that will persuade an unprejudiced thinking mind of the existence of the fact to which the evidence is directed. *Hewitt v. Spokane, P. & S. Ry.*, 66 Wn.2d 285, 402 P.2d 334 (1965). Here the evidence amply meets this test.

Appellant emphasizes the fact that the information alleged an assault with a pipe, and contends that the evidence is too weak to be substantial in proving that an assault was made with the pipe. The finding of the pipe with blood on it in the apartment, together with appellant's

testimony that a pipe was used in the violence between him and Ms. Pete, is ample to justify a finding of guilt of assault with the pipe.

The second assignment of error is that the verdicts of not guilty of assault in the first degree and guilty of assault in the second degree, and that appellant was armed with a deadly weapon, are inconsistent and repugnant to the evidence and charge of the court.

 In submitting the case to the jury as to whether or not the assault was made with a deadly weapon, the court instructed as follows:

> The character of an implement as a deadly weapon is determined by its capacity to inflict death or injury, and its use as a deadly weapon by the surrounding circumstances, such as the intent and present ability of the user, the degree of force, the part of the body to which it was applied, and the physical injuries inflicted.

Instruction No. 15. The argument is advanced that such definition requires two elements, *viz.*, the capacity of the implement to inflict death or injury and its use as a deadly weapon, thus requiring proof of an intent to kill to justify the verdict of the jury that the pipe was a deadly weapon. Appellant reasons, therefore, the verdict that the appellant had no intent to kill is inconsistent with the finding that the pipe was a deadly weapon. We do not read the instruction as equating use of a deadly weapon with an intent to kill. One may assault another with a deadly weapon and have no intent to kill. The jury so found in this case. The instruction did not tell the jury that an intent to kill was a necessary element in determining that the weapon was deadly. It merely told the jury that intent and present ability of the user are elements which may be considered, among others, in determining the issue. We find no inconsistency in the verdict of the jury.

The judgment is affirmed.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied August 21, 1975.

Review denied by Supreme Court November 12, 1975.