PEOPLE v MARKLEY

Docket No. 47206. Submitted June 12, 1980, at Grand Rapids.—Decided August 27, 1980.

David Markley was convicted on three counts of armed robbery and was sentenced to prison, Kalamazoo Circuit Court, Marjorie L. Luna, J. He appeals, alleging that he was denied due process and that his right against self-incrimination was violated by the trial court's permitting a demonstration by the prosecution requiring him to wear in the presence of the jury certain clothing found near the scene of the robbery, and that he was denied a fair trial by the prosecutor's repeated references to extraneous matters which impugned his character in the eyes of the jury. *Held:*

1. The demonstration was not improper. It could not be characterized as testimonial, and no constitutional rights were violated. The procedure was controlled by the trial court, and the jury was free to find it irrelevant for identification purposes. Defendant was given full opportunity during the demonstration and in closing argument to point out any inconsistencies and to refute any claim that the clothing was worn by him on the day of the robbery.

2. No reversible error occurred. Defendant did not suffer manifest injustice as a result of testimony regarding his financial condition, and no objection was made concerning its relevancy. The other testimony complained of was either proper or was stricken from the record upon timely objection.

Affirmed.

1. CRIMINAL LAW — DEMONSTRATION EVIDENCE — DUE PROCESS — SELF-INCRIMINATION.

A demonstration by the prosecution requiring a defendant, with

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 360, 361, 362.
[2] Requiring suspect or defendant in criminal case to demonstrate voice for purposes of identification. 24 ALR3d 1261.
  Propriety of requiring accused to give handwriting exemplar. 43 ALR3d 653.
  Fingerprint, palm print, or bare footprint as evidence. 28 ALR2d 1115.

the permission of the trial court, to wear articles of clothing found near the scene of the crime charged in the presence of the jury does not result in a denial of due process for the defendant; nor is it a violation of his right against self-incrimination.

2. CONSTITUTIONAL LAW — FIFTH AMENDMENT — COMPULSION TO SUBMIT.

The Fifth Amendment offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture (US Const, Am V).

3. CRIMINAL LAW — DEMONSTRATION EVIDENCE — CONSTITUTIONAL LAW.

A demonstration by the prosecution, requiring a defendant to wear articles of clothing found near the scene of the crime charged in the presence of the jury, which is controlled by the trial court and leaves the jury free to find the demonstration irrelevant for identification purposes, cannot be characterized as testimonial and, thus, does not violate any constitutional rights; and where the defendant is given full opportunity during the demonstration and in closing argument to point out any inconsistencies and refute any claim that he wore the clothing on the day of the crime, such demonstration is not improper.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Paul Burakoff,* Assistant Prosecuting Attorney, for the people.

*Daudert, Tucker & Basch,* for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R. MCDONALD,* JJ.

D. F. WALSH, J. Defendant was convicted on three counts of armed robbery. MCL 750.529; MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

28.797. He was sentenced to a term of 20 to 40 years imprisonment.

The events out of which defendant's conviction arose occurred on the evening of December 5, 1975, at Mr. Robert's Hairstyling Studio in Kalamazoo. Two men, carrying guns and wearing nylon stocking masks and ski caps, entered the shop. They announced a holdup and demanded money from the employees. One of the men, positively identified as Gordon Kiewiet, walked to the back of the building and collected the money. The other robber ordered Carol Foster, a hairstylist, to the front of the shop to empty the contents of a cash register. He insisted that Foster hurry and then, suddenly, shot her in the chest. The two men ran out of the building with the money. At the trial, Foster could not identify her assailant.

Kiewiet testified that his companion in the robbery was the defendant. Kiewiet's testimony related to the robbery, as well as the plans and the events before, during, and after the perpetration of the robbery. The defendant did not testify during the trial.

Defendant raises several issues on appeal, the first of which deals with the propriety of the trial court's order that defendant don a red and black checked jacket and a pair of boots which were found near the scene of the robbery. After the defendant had tried on the clothing in the jury's absence, the trial court permitted the prosecution to conduct the same demonstration in front of the jury. Defendant argues that the requirement that he wear this clothing in the presence of the jury resulted in a denial of due process and a violation of his right against self-incrimination. We are not persuaded that this procedure is constitutionally impermissible.

In *United States v King,* 433 F2d 937 (CA 9, 1970), the defendant was required to try on certain distinctive items of clothing used in the robbery. In holding that there was no violation of due process of the Fifth Amendment, the court stated that the demonstration was nontestimonial in nature. The court likened the demonstration to fingerprinting or the production of voice exemplars and relied on *Schmerber v California,* 384 US 757, 764; 86 S Ct 1826; 16 L Ed 2d 908 (1966), where the Supreme Court expressed the following:

"On the other hand, both federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting, photographing or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture."

The procedure of requiring the accused to wear certain articles of clothing in front of the jury has been upheld in other jurisdictions which have addressed this particular issue. *State v Bridges,* 123 Ariz App 452; 600 P2d 756 (1979), *Kessler v Cupp,* 11 Or App 392; 502 P2d 281 (1972).

Defendant relies on the one case in Michigan which, up to the present time, has spoken on this point. In *People v Mead,* 50 Mich 228, 231; 15 NW 95 (1883), the Supreme Court stated, in passing:

"The prosecution gave evidence also of certain tracks discovered the morning after the fire, and which were supposed to be those of the guilty party. A rubber shoe was produced, and when the respondent took the stand in his own behalf he was asked to try it on, which he did without objection. After he took it off he was asked to measure it. This his counsel objected to, but the objection was overruled, and he made the measurement

and stated the result. Had there been any objection to the respondent's trying on the shoe, the court would have had no authority to require it, and even the simple matter of the measurement the respondent might have declined had he seen fit."

Defendant claims that *Mead* prohibits the procedure used in this case. We disagree. *Mead* was decided in 1883. The comments with respect to the defendants trying on clothing before the jury were *dicta.* We decline to find reversible error in the instant case on the authority of the gratuitous comments of the Court in that ancient decision.

Rather, we find the reasoning in *King, supra,* to be persuasive. Since the demonstration cannot be characterized as testimonial, no constitutional rights were violated. The procedure was controlled by the trial court, and the jury was free to find it irrelevant for identification purposes. Defendant was given full opportunity, both during the demonstration and in closing argument, to point out any inconsistencies and to refute any claim that that clothing was worn by the defendant on the day of the robbery. We conclude that the demonstration was not improper.

Defendant contends that he was denied a fair trial by the prosecutor's repeated references to extraneous matters which impugned defendant's character in the eyes of the jury. Our review of the record does not convince us that any reversible error occurred.

First, the testimony concerning defendant's cohabitation with a female companion was stricken from the record upon timely objection, and the prosecutor made no further reference to it. Second, the testimony concerning the consumption of drugs was not improper since it related to the circumstances surrounding the armed robbery and

may have reflected upon defendant's state of mind, motive, and intent. *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978). Third, no objection was made concerning the relevancy of the testimony relating to defendant's financial condition, and we are not persuaded that defendant suffered manifest injustice as a result of this testimony. *People v Jackson,* 77 Mich App 392; 258 NW2d 89 (1977).

We have carefully considered defendant's remaining assignments of error and find them to be without merit. Defendant's conviction is affirmed.