**Axel OXHOLM, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 82–638.

District of Columbia Court of Appeals.

Argued April 20, 1983.

Decided July 14, 1983.

Axel Oxholm, pro se.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before KERN and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Metropolitan Police Officer Arthur Pember stopped the car in which appellant was driving on Key Bridge. The officer asked appellant to leave his car and perform certain "psychomotor sobriety tests"[1] to aid the officer in making a determination of appellant's possible intoxication while driving. On appeal, it is urged that police testimony relating to the manner in which appellant performed these tests violated appellant's Fifth Amendment right not to be compelled to be a witness against himself.

We disagree. Although there has been no case exactly on point in this jurisdiction, we have had occasion to address a similar question and, in addition, the weight of authority in other jurisdictions provides guidance.

In *Hill v. United States*, 367 A.2d 110 (D.C.1976), codefendants complained that their Fifth Amendment rights had been violated when they were forced to stand side

---

1. Appellant was asked to walk "heel-toe" and to recite the alphabet. Officer Pember's testimony was that, while appellant was able to perform these tests, he walked unsteadily and his speech was thick-tongued. (Record at 227–28.)

by side before the jury to allow the jurors to compare their height, weight, and build. This court stated "that a man is not protected by constitutional privilege from being compelled to stand up, sit down, walk, speak or submit to photography or fingerprinting *so long as these disclose nothing about his knowledge." Id.* at 116 (emphasis added).

Language similar to this has been used to reject claims of compulsory self-incrimination in cases in other jurisdictions involving a psychomotor coordination test of persons suspected of driving while drunk. In *State v. Arsenault,* 115 N.H. 109, 336 A.2d 244, 247 (1975), the New Hampshire Supreme Court noted that these tests

> are premised upon the relationships between intoxication and the externally manifested loss of coordination which it causes. *These tests do not seek to compel from the defendant any knowledge he might have:* nor do they involve the defendant's communicative facilities in any way. They only compel him to exhibit his physical characteristics of coordination. [Emphasis added; citations omitted.]

This language, in particular, was noted as persuasive in a recent decision of the Colorado Supreme Court which concluded that psychomotor tests simply did not implicate the Fifth Amendment right against compulsory self-incrimination. *People v. Ramirez,* 199 Colo. 367, 609 P.2d 616 (1980) (en banc).

■ We also find this reasoning persuasive. By testing appellant's ability to walk "heel-toe" and to recite the alphabet, the police officer did not compel appellant to reveal personal knowledge but, rather, conducted simple tests of physical coordination.[2] Subsequent testimony that appellant performed these tests only with difficulty was relevant and properly admitted.

*Affirmed.*

---

**2.** We do not agree that these tests are not relevant to appellant's ability to operate a motor vehicle safely. Difficulty in performing these tests obviously reflects on physical coordination generally. If physical coordination is impaired then so is driving ability.