BELSON, Associate Judge:
A jury found appellant guilty of one count each of second-degree burglary, D.C. Code § 22-1801(b) (1981), grand larceny, id. § 22-2201 (repealed and superseded by id. §§ 22-3811, -3812 (1984 Supp.)), and destruction of property, id. § 22-403 (1981). He appeals, assigning as error a violation of his Fifth Amendment privilege against self-incrimination. Finding his argument unpersuasive, we affirm.
Metropolitan Police officers received a report of a burglary in progress in the early morning hours of March 1, 1982, at the Viet Chateau Restaurant in the District of Columbia. Upon investigation, they found appellant hiding in the crawl space of the ceiling of a closet in the office of the restaurant. In his pockets were two rolls of money, $247 in one roll and $127 in the other; the bills were in order of denomination.
After appellant’s arrest, the officers discovered in the crawl space a flashlight and a pair of pliers, as well as a coat, in the pockets of which were a calculator, a tape measure, several cigarette lighters, and $229 in cash. The officers found near the front door a canvas bag containing a small television set, a metronome, a musical keyboard, a camera, and $145 in change. In the kitchen they discovered a stereo set, a camera bag, and bags of meat lying on the floor. They observed that the office of the restaurant had been ransacked.
The proprietor of the Viet Chateau testified at trial that he had counted his cash receipts before leaving the restaurant on the night of the burglary. He stated that he had placed exactly $200 in the cash register and had left in his office exactly $500 as a cash reserve and approximately $100 to $170 in petty cash. He noted that when he returned after the burglary all the money was gone. He also identified as his the flashlight, pliers, calculator, and tape measure, as well as all the items in the canvas bag and all the articles found on the kitchen floor. He testified that he had given no one permission to take these items and that they were not where he had left them the night before. Finally, he stated that he did not own the coat which had been found in the closet, and that he had not left it in the restaurant when he closed up for business on the night of the burglary-
This appeal grows out of the prosecution’s request that the trial court order appellant — who did not testify as a witness at trial — to put on, in the presence of the jury, the coat discovered in the crawl space of the closet in which he had been found hiding. After hearing considerable argument as to whether such an order would infringe appellant’s Fifth Amendment right against self-incrimination, the court granted the prosecution’s request. Appellant now seeks review of the Fifth Amendment issue.
In Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), the Supreme Court for the first time considered whether requiring a suspect or an accused to exhibit himself or to perform a physical act offends the Fifth Amendment proscription that “[n]o person ... shall be compelled in any criminal case to be a witness against himself.” There, a question arose as to whether a blouse belonged to the accused. Prior to trial the accused was required to put on the blouse in the presence of a witness who later testified at trial that the blouse fit the accused. The accused contended that being compelled to submit to the demand that he put on the blouse violated the privilege against self-incrimination. This argument the Court rejected as “an extravagant extension of the Fifth Amendment.” Id. at 252, 31 S.Ct. at 6. Justice Holmes, speaking for the Court, declared that “the prohibition of compelling a man in a criminal court to be witness *908 against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material.” Id. at 252-53, 31 S.Ct. at 6.
More than 50 years later, the Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), reinforced and perpetuated the rule in Holt. “The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling ‘communications’ or ‘testimony’ but that compulsion which makes a suspect or accused the source of ‘real or physical evidence’ does not violate it.” Id. at 764, 86 S.Ct. at 1832. Schmerber held that compelling one suspected of driving while intoxicated to submit to extraction of a blood sample for analysis of alcohol content did not constitute impermissible self-incrimination. Blood samples are real, physical evidence; as such, they are not protected by the Fifth Amendment privilege. See id. at 765, 86 S.Ct. at 1832.[1]
Evidence is communicative or testimonial, rather than real or physical, if it reveals something about the suspect’s or accused’s knowledge of a crime. United States v. Wade, 388 U.S. 218, 222, 87 S.Ct. 1926, 1929, 18 L.Ed.2d 149 (1967) (compelling accused to exhibit his person for observation by a prosecution witness prior to trial “is compulsion of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have”). We have observed that “[c]ases since Schmerber have repeatedly upheld the principle that a man is not protected by constitutional privilege from being compelled to stand up, sit down, walk, speak or submit to photography or fingerprinting so long as these disclose nothing about his knowledge.” Hill v. United States, 367 A.2d 110, 116 (D.C.1976) (citations omitted) (emphasis added) (no violation of privilege against self-incrimination to compel code-fendants to stand side by side before jury to assess their relative physical characteristics). In Oxholm v. District of Columbia, 464 A.2d 113 (D.C.1983) (per curiam), we held that the request by a police officer that an intoxicated driver perform certain “psychomotor sobriety tests” — to walk “heel-toe” and to recite the alphabet — did not violate the driver’s privilege against self-incrimination. We found that “the police officer did not compel appellant to reveal personal knowledge but, rather, conducted simple tests of physical coordination.” Id. at 114 (footnote omitted) (emphasis added).
*909 Holt controls our disposition of this case. Its progeny provide a useful framework in which to elucidate our rationale. Appellant in the instant case, like the accused in Holt, was forced to wear an incriminating article of clothing in order that others might judge whether or not it fit.[2] Holt made clear that the Fifth Amendment offers no protection against such a requirement.[3]
By granting the prosecutor’s request to order appellant to don the coat in the presence of the jury, the trial court compelled appellant to disclose nothing of his personal knowledge. The evidence, therefore, is real, not communicative. To hold otherwise would suggest that “the defendant in Holt who put on the blouse ‘communicated’ that the blouse might be his because it fit him. This is not communication within the meaning of the Fifth Amendment.” Lewis v. United States, 127 U.S.App.D.C. 269, 271, 382 F.2d 817, 819 (citations omitted), cert. denied, 389 U.S. 962, 88 S.Ct. 350, 19 L.Ed.2d 377 (1967). Moreover, it is of no consequence that appellant declined to take the stand to testify on his own behalf; his physical display simply does not constitute “testimony.” Hill, 367 A.2d at 116. We conclude that the trial court did not violate appellant’s privilege against self-incrimination.
Appellant argues alternatively that a court is constitutionally permitted to require a suspect or an accused to perform a physical act or to exhibit himself only when his identification is at issue. In such cases he is merely a source of “real or physical evidence.” Appellant submits that since he was required to put on the coat to prove that he owned it, rather than to aid in identifying him by showing how he looked with it on, his compelled act was testimonial. The argument does not persuade us. Certainly there are cases in which the suspect or accused is required to exhibit himself or to perform physical acts in order to facilitate identification. See, e.g., Wade; Hill. But there are other cases such as Schmerber, and Oxholm, that do not involve the issue of identification at all.[4] The determination as to whether compelling the accused to perform a physical act contravenes the Fifth Amendment privilege against self-incrimination does not turn on the reason the evidence is offered. That privilege is no more violated when the purpose of the compulsion is to prove ownership of an incriminating article than when the purpose is to facilitate identification of the accused.

Affirmed.

. Subsequent to Schmerber, federal courts have held that no legitimate Fifth Amendment interests are violated by compulsion: to produce a handwriting exemplar, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); to furnish handwriting exemplars either to a grand jury, United States v. Mara, 410 U.S. 19, 22 n. *, 93 S.Ct. 774, 776 n. *, 35 L.Ed.2d 99 (1973), or to the Internal Revenue Service, United States v. Euge, 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980); to furnish voice exemplars to a grand jury, United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); to participate in a pretrial line up disguised like the perpetrator and to utter words that allegedly had been spoken by the perpetrator, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); United States v. Wilcox, 507 F.2d 364 (4th Cir.1974), cert. denied, 420 U.S. 979, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975); to provide fingerprints, United States v. Peters, 687 F.2d 1295 (10th Cir.1982); United States v. Thomann, 609 F.2d 560 (1st Cir.1979), or palm-prints, United States v. Whitfield, 378 F.Supp. 184 (E.D.Pa.1974), aff'd, 515 F.2d 507 (3d Cir.1975); to submit to a breathalyzer examination, Montgomery v. N.C. Dep’t of Motor Vehicles, 455 F.Supp. 338 (W.D.N.C.1978), aff'd, 599 F.2d 1048 (4th Cir.1979), or a dental examination, United States v. Holland, 378 F.Supp. 144 (E.D.Pa.), aff'd sub. nom., Appeal of Ehly, 506 F.2d 1050 (3d Cir.1974), cert. denied, 420 U.S. 994, 95 S.Ct. 1433, 43 L.Ed.2d 676 (1975); to submit to photographing and to provide hair samples, In re Rosahn, 671 F.2d 690 (2d Cir.1982); to shave before trial, United States v. Valenzuela, 722 F.2d 1431 (9th Cir.1983); United States v. Lamb, 575 F.2d 1310 (10th Cir.), cert. denied, 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978); to stand at trial for purposes of identification, United States v. Bright, 630 F.2d 804 (5th Cir.1980); United States v. Zammiello, 432 F.2d 72 (9th Cir.1970); or to display a scar at trial, Urquhart v. Lockhart, 557 F.Supp. 1334 (E.D.Ark.1983), aff'd, 726 F.2d 1316 (8th Cir.1984).

. Of course, the compelled act in Holt occurred before trial, whereas here it occurred during trial. Appellant does not contend, and we do not conclude, that this distinction is material. Other jurisdictions have held that distinction groundless. State v. Bauman, 77 Wash.2d 938, 941, 468 P.2d 684, 686 (Wash.1970) (en banc) (“Whether the defendant exhibits himself in the courtroom or outside the courtroom, the significant fact — that the garment fit him — reaches the jury.”); McCray v. State, 85 Nev. 597, 460 P.2d 160 (Nev.1969).

. Accord, People v. Warmack, 83 Ill.2d 112, 46 Ill.Dec. 141, 413 N.E.2d 1254 (1980); People v. Markley, 99 Mich.App. 658, 298 N.W.2d 615 (1980), reversed on other grounds, 413 Mich. 852, 317 N.W.2d 528 (1982); State v. Lerner, 112 R.I. 62, 308 A.2d 324 (1973); Bauman, supra note 2; cf. United States v. King, 433 F.2d 937 (9th Cir.1970) (per curiam) (appellant, who was required at trial to put on certain distinctive clothing used in the robbery for which he was convicted, held not thereby denied fair trial or due process of law), cert. denied, 402 U.S. 976, 91 S.Ct. 1681, 29 L.Ed.2d 142 (1971).

.The following state cases specifically upheld the constitutionality of compelling an accused at trial to put on an article of clothing for the purpose of showing fit and ownership. Warmack, supra note 3; Markley, supra, note 3; Lerner, supra, note 3; Bauman, supra, note 2.