Gregory Lynn MILLER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 85–987.

District of Columbia Court of Appeals.

Submitted Sept. 10, 1986.

Decided Sept. 23, 1986.*

Kenneth H. Rosenau, Washington, D.C., appointed by this court, was on the brief, for appellant.

John H. Suda, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before · NEBEKER, FERREN and STEADMAN, Associate Judges.

PER CURIAM:

Appellant Gregory Miller claims his conviction for driving under the influence of intoxicating liquor was based upon insufficient evidence. D.C.Code § 40–716(b)(1) (1986 Supp.).

On March 9, 1985, appellant was stopped by the United States Park Police as he slowly drove his disabled vehicle on East Basin Drive. The officers' attention was drawn to the vehicle by a loud scraping sound and its slow speed. Otherwise there was nothing unusual in the manner in which appellant operated his car.

The arresting officer testified that appellant's clothes were mussed; he had a strong odor of alcoholic beverage about his breath and person; his eyes were bloodshot; and he spoke in a slurred manner. The officer further testified that appellant fell out of the car when asked to exit the vehicle and was unsteady once he regained his feet. He failed all the field sobriety tests administered by the officers and refused to take a chemical test.

■ We assume for present purposes that proof of impairment of driving ability is an element of the offense charged.[1] *See* Criminal Jury Instructions for the District of Columbia, No. 4.97 (3d ed. 1978). Plainly, on the facts here, such a conclusion could be drawn by a reasonable mind be-

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment. It is being published pursuant to this court's order granting a motion for publication.

1. Appellant quotes language to this effect from D.C.Code § 40–716(b)(2), although his conviction was under D.C.Code § 40–716(b)(1).

yond a reasonable doubt. *See Oxholm v. District of Columbia,* 464 A.2d 113, 114 n. 2 (D.C.1983). Appellant's suggestion that a conviction can occur only where there is proof of impairment based on the manner in which the vehicle was actually operated, finds no support in the statute or our case law. All courts probably agree that proof of driving in an abnormal or errant manner is not required. R. ERWIN, *Defense of Drunk Driving Cases,* § 1.04 at 1–68 (3rd ed. 1983).

*Affirmed.*